Filed 9/10/20  P. v. Aguilar CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESSE AGUILAR,<br><br>    Defendant and Appellant. | F077866<br><br>(Super. Ct. No. F17905606)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi Culver Kapetan, Judge.

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P.J., Peña, J. and De Santos, J.

Appellant Jesse Aguilar was convicted by jury of two counts of battery upon a custodial officer (Pen Code,[1] § 243.1). As to one of the counts, the jury found true appellant had inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)). In a bifurcated trial, the court found true appellant had suffered four prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), three prior serious felony convictions (§ 667, subd. (a)(1)), and three prior prison terms (§ 667.5, subd. (b)).

On appeal, appellant asserts his case must be remanded (1) with orders to the trial court that no fines or fees be imposed absent a finding that appellant has the present ability to pay them, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*); (2) for the trial court to exercise its sentencing discretion pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.); and (3) with instructions to strike the one-year prior prison term enhancements under section 667.5, subdivision (b) pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.). We strike the enhancements under section 667.5, subdivision (b), but otherwise affirm the judgment.

## **FACTS**

Because all of appellant's claims on appeal are related to his sentencing, we will not set forth the facts of his substantive offense for the sake of brevity, as they are not relevant to our analysis. We only set forth the pertinent facts of appellant's sentencing and other procedural events relevant to this appeal.

At appellant's sentencing, appellant requested the court to strike his strike priors pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, as well as his prison priors on the basis that there was "no additional sentence benefit as [appellant] is already serving [a] life without the possibility of parole sentence." Several of appellant's family members spoke on his behalf requesting leniency and suggesting that appellant committed the crimes because correctional officers were antagonizing him.

---

[1] All further undesignated statutory references are to the Penal Code.

2.

The court noted that appellant had many people who cared about him, but that he had not been free of criminal activity since 1987 and immediately reoffends every time he is out of custody. The court commented: "[A]lthough individuals here have stated that he was aggravated by guards, none of you were present for the trial, none of you heard the evidence, but 12 individuals from the community did, and they found that he committed a crime, and for that crime [appellant] has to be punished. Society deserves that, and that is my job." The court stated it found "no basis to strike any of the strikes or the priors or to grant leniency in this case."

As to count 1, the court sentenced appellant to an indeterminate term of 25 years to life, plus three years for the great bodily injury enhancement, plus 15 years pursuant to section 667, subdivision (a)(1) (five years for each prior), plus three years pursuant to section 667.5, subdivision (b) (one for each prior). As to count 2, the court sentenced appellant to an indeterminate term of 25 years to life, plus 15 years pursuant to section 667, subdivision (a)(1) (five years for each prior), plus three years pursuant to section 667.5, subdivision (b) (one year for each prior). The court stayed punishment on four of the 667.5, subdivision (b) enhancements pursuant to section 654. Appellant's total prison term was 35 determinate years, followed by an indeterminate term of 50 years to life.

The court ordered appellant to pay a restitution fine in the amount of $10,000, a court security fee in the amount of $40, and a criminal conviction assessment in the amount of $30.

After appellant's sentencing, appellant's counsel submitted a letter to the court on appellant's behalf pursuant to section 1237.2[2] requesting the court to reduce the fines and

---

[2] Section 1237.2 reads in pertinent part: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing."

fees imposed at sentencing citing *Dueñas, supra,* 30 Cal.App.5th 1157. Appellant asserted he was sentenced to serve 50 years to life plus 35 years in prison in the present case in addition to life without parole, plus 65 years to life, plus a determinate term of 20 years in another case for which appellant was already serving a sentence.[3] Appellant asserted that in addition to the fines and fees assessed against him in *Aguilar I*, he was facing fees and assessments amounting to $20,646. Appellant asserted he was 45 years old and indigent. Appellant stated he had appointed counsel and that the probation report in *Aguilar I* indicated he was unemployed. Appellant requested the court to strike the fees imposed under section 1465.8 and Government Code section 70373, reduce the restitution fine to the minimum amount, and stay enforcement of the fine until there is a showing of an ability to pay.

In response to appellant's letter, the court issued a written order. The court reasoned that because appellant was 45 years old and would be incarcerated for the rest of his life, the $10,000 restitution fine was too high. The court vacated the $10,000 restitution fine and imposed the $300 minimum restitution fine. The court declined to strike the fees imposed under section 1465.8 and Government Code section 70373 "because [appellant] has a substantial period of time to pay those assessments from a

---

[3]     The other case for which appellant was serving a sentence at the time of sentencing in the present case is currently pending appeal in this court in *People v. Aguilar* (F076890) (*Aguilar I*). On July 1, 2019, appellant requested this court to take judicial notice of the record on appeal in that case. On July 25, 2019, this court granted appellant's request. The record in *Aguilar I* reveals that at the time appellant was sentenced in the present case, he was already serving a determinate term of 20 years, followed by two indeterminate terms of 25 years to life, an indeterminate term of life with the possibility of parole, and an indeterminate term of life without the possibility of parole. Further, the court imposed a $10,000 restitution fine pursuant to section 1202.4, along with a $10,000 parole revocation fine in the same amount pursuant to section 1202.45. The court ordered restitution to the victims reserved pursuant to section 1202.4, subdivision (f). The court also imposed a court security fee of $40 for each count and a criminal conviction assessment of $30 for each count due within 120 days of release from custody.

readily available source of income while incarcerated. The trial court cited appellant would have the ability to earn prison wages over a sustained period and could pay assessments out of those wages, citing *People v. Johnson* (2019) 35 Cal.App.5th 134 and *People v. Hennessey* (1995) 37 Cal.App.4th 1830.

**DISCUSSION**

**I.      Hearing on Appellant's Ability to Pay Fines and Fees**

Appellant contends the matter must be remanded for the trial court to hold a hearing on whether he has the ability to pay the assessments imposed against him under section 1465.8, subdivision (a)(1) and Government Code section 70373 and the restitution fine imposed against him under section 1202.4, subdivision (b)(1). Appellant's claim is based primarily on *Dueñas*.

In *Dueñas*, Division Seven of the Second Appellate District held that the imposition of the nonpunitive court security fee (§ 1465.8, subd. (a)(1)) and criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)) without a determination of the defendant's ability to pay them violates the constitutional guarantee of due process. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) The *Dueñas* court also held that if the defendant has demonstrated an inability to pay the restitution fine, which is intended to be punitive (§ 1202.4, subd. (b)(1)), the trial court must stay execution of the fine until the People prove the defendant has gained the ability to pay. (*Dueñas*, at p. 1164.) Appellant contends, relying on *Dueñas*, that the trial court's failure to hold a hearing on appellant's ability to pay the fines and fees imposed constituted a due process violation.

We decline to remand for an ability to pay hearing. Without addressing appellant's due process claims on their merits, we note that appellant bears the burden of requesting a hearing on his ability to pay in light of the holding of *Dueñas* as well as to show that he has the inability to pay the fines and fees. (See *People v. Castellano* (2019)

5.

33 Cal.App.5th 485, 491.)[4] Appellant had the opportunity to request a hearing on his ability to pay and failed to do so. Instead, appellant's counsel requested a reduction and set forth the reasons for such reduction. The court granted appellant's request by substantially reducing appellant's restitution fine while finding appellant had the ability to pay the minimum restitution fine and the fees in light of appellant's lengthy period of incarceration and ability to pay from prison wages. To the extent that appellant is now requesting a hearing, we find he has forfeited the issue by failing to request one below.

In any event, any error the court committed by failing to hold a hearing on appellant's ability to pay was harmless under any standard. Appellant set forth the reasons he could not pay the imposed fines and fees, and the trial court appeared to accept appellant's claims in evaluating appellant's request. Appellant has not explained how holding a full hearing on the matter would have made any difference in the outcome of his request. Appellant stated he was indigent but did not allege he was unable to work in prison or was not receiving financial support from friends or family. As the trial court pointed out in its ruling, appellate courts have held the ability to earn prison wages over a sustained period is indicative of a prisoner's ability to pay fines and fees. (*People v. Johnson*, *supra*, 35 Cal.App.5th at p. 139; *People v. Hennessey*, *supra*, 37 Cal.App.4th at p. 1837.) Though appellant informed the trial court he had substantial fines imposed against him in *Aguilar I*, there is no evidence the trial court did not take that into consideration and appellant did not show that he would be unable to pay the fines in the present case based on other fines imposed over the course of his very lengthy prison sentence.

---

[4]     The California Supreme Court is now considering (1) whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and (2) if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, rev. granted Nov. 13, 2019, S257844.)

We conclude appellant's claim to an evidentiary hearing has been forfeited and any alleged error by the court in not holding a hearing was harmless.

## II.    Senate Bill No. 1393

Appellant contends we must remand his case to the trial court for resentencing in light of Senate Bill No. 1393, which went into effect January 1, 2019.  Senate Bill No. 1393 amended sections 667 and 1385 to eliminate the statutory prohibition on a trial court's ability to strike a five-year enhancement imposed pursuant to section 667, subdivision (a)(1).  (Stats. 2018, ch. 1013, §§ 1, 2.)

The parties agree, as do we, that the amendments implemented by Senate Bill No. 1393 apply retroactively to cases not yet final on appeal; the parties disagree, however, on whether remand is appropriate in this case.  (*People v. Brown* (2012) 54 Cal.4th 314, 323–324; *People v. Francis* (1969) 71 Cal.2d 66, 75–76; *In re Estrada* (1965) 63 Cal.2d 740, 745.)  We conclude remand is not necessary in the present case.

Remand is not required when " 'the record shows that the trial court clearly indicated when it … sentenced the defendant that it would not in any event have stricken [the] … enhancement' even if it had the discretion."  (*People v. Jones* (2019) 32 Cal.App.5th 267, 272–273.)  "The trial court need not have specifically stated at sentencing it would not strike the enhancement if it had the discretion to do so.  Rather, we review the trial court's statements and sentencing decisions to infer what its intent would have been."  (*Id*. at p. 273.)

Here, we find there is no possibility the trial court would strike the enhancements were we to remand for resentencing.  The court denied appellant's request to strike his strike priors and prison priors, stating there was "no basis … to grant leniency in this case" and "no basis to deviate from the report and recommendations of the probation officer."  We find it particularly telling that the trial court refused to strike any of the one-year prison priors.  We can infer based on this decision, as well as the totality of the

7.

court's other decisions and comments, that it would not strike the five-year section 667 enhancements, and for that reason we decline to remand for resentencing.

## III.    Senate Bill No. 136

In October 2019, the Legislature passed Senate Bill No. 136, amending section 667.5, subdivision (b) (Stats. 2019, ch. 590, § 1).  Prior to these amendments, "[i]n sentencing a defendant for a new felony offense, a one-year sentence enhancement under section 667.5, subdivision (b) [was] applied 'for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 889.)  The only exception was for defendants who had remained free for five years of both prison custody and the commission of a new offense resulting in a felony conviction.  (*Ibid.*)  Senate Bill No. 136 amended section 667.5, subdivision (b) to state that a one-year term under that section shall be imposed "for each prior separate prison term for a sexually violent offense …."  Thus, Senate Bill No. 136 eliminates the prior prison term enhancement except in cases involving sexually violent offenses.  The law went into effect January 1, 2020.

The parties agree, as do we, that the amendment applies retroactively to appellant. The statute applies retroactively because the amended statute leads to a reduced sentence. (See *People v. Brown*, *supra*, 54 Cal.4th at pp. 323–324; *In re Estrada*, *supra*, 63 Cal.2d at pp. 745, 748 [for a non-final conviction, "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed"].)  Further, none of appellant's prior convictions were for a sexually violent offense.  Accordingly, under section 667.5, subdivision (b), as amended, appellant would not qualify for the imposition of the one-year enhancements imposed for each of his prior prison terms.

Appellant requests that we remand to the trial court with directions to strike the enhancements.  Respondent argues remand is not appropriate because it appears appellant

received the maximum possible sentence, citing this court's decision in *People v. Lopez* (2019) 42 Cal.App.5th 337.  (See *People v. Buycks*, *supra*, 5 Cal.5th at p. 896, fn. 15 ["Because the resentencing court had imposed the maximum possible sentence, regardless of whether the … enhancement was stricken, there is no need to remand the matter to the trial court to exercise its sentencing discretion anew."].)  We agree with respondent and accordingly strike the section 667.5, subdivision (b) enhancements imposed in this matter.  We will direct the trial court to cause to be prepared an amended abstract of judgment reflecting this modification, and to adjust appellant's total prison sentence accordingly.  (See *People v. Lopez*, *supra*, 42 Cal.App.5th at pp. 342–343.)

## **DISPOSITION**

The judgment is modified as follows.  The six one-year enhancements imposed pursuant to section 667.5, subdivision (b) are stricken.  With this modification, appellant's judgment is affirmed.

The trial court is directed to cause to be prepared an amended abstract of judgment reflecting this modification and reducing appellant's total determinate sentence by two years (as punishment on four of the enhancements were stayed).  The court shall forward a certified copy of the same to the appropriate authorities.