Filed 4/8/21  P. v. Mayen-Alvarado CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>SOCORRO DE JESUS MAYEN-ALVARADO,<br><br>     Defendant and Appellant. | A155645<br><br>(Marin County<br>Super. Ct. No. SC202000) |

Defendant Socorro De Jesus Mayen-Alvarado appeals his conviction on one count of committing a lewd act on a child under 14 (Pen. Code,[1] § 288, subd. (a)), one count of committing a lewd act on a child 14 or 15 years old (*id.*, subd. (c)(1)), and three counts of misdemeanor child molestation (§ 647.6, subd. (a)), for which he was sentenced to three years eight months in prison. Defendant makes three contentions: (1) the three misdemeanor counts were time-barred; (2) the trial court denied him due process by imposing fines and assessments totaling $650 without holding a hearing on his ability to pay those charges; and (3) the abstract of judgment mischaracterizes his sentence on one count. The Attorney General correctly concedes the first and third points, so that the judgment and abstract must be appropriately modified.

---

[1] All undesignated statutory references are to the Penal Code.

As to the second issue, the Attorney General initially contends that defendant forfeited any challenge by failing to request an ability-to-pay hearing, and that any error in failing to hold such a hearing was harmless. If the contention is not forfeited, the Attorney General acknowledges that due process bars imposition of what he deems "nonpunitive" assessments on a defendant unable to pay them,[2] but he contends that the trial court's failure to consider defendant's inability to pay the nominally "nonpunitive" assessments at issue here was harmless. The Attorney General contends that whether a *punitive* fine is excessive must be analyzed under the excessive fines clause, rather than the due process clause, and that the $300 punitive fine imposed on defendant is not excessive even if he is unable to pay it.

Although we acknowledge a conflict of authority among the courts of appeal, pending a definitive determination by our Supreme Court we adhere to this court's holding in *People v. Johnson* (2019) 35 Cal.App.5th 134, 137–138 (*Johnson*) and conclude that defendant did not forfeit his challenge to the lack of an ability-to-pay hearing. Based on the analysis set forth in this panel's more recent opinion in *Cowan, supra,* 47 Cal.App.5th 32 , we also conclude that it was necessary to determine defendant's ability to pay all of the fines and assessments imposed and that, unlike the situation in *Johnson,* the record

---

[2] In this panel's recent opinion in *People v. Cowan* (2020) 47 Cal.App.5th 32, review granted June 17, 2020, S261952 (*Cowan*), we concluded that, although the statutes imposing the court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)) and criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)) reflect a nonpunitive legislative intent to raise funds for the court system, the fact that the assessments are conditioned on the commission of a crime qualifies them as "punitive" for purposes of the excessive fines clauses of the federal and state Constitutions (U.S. Const., amend. XIII; Cal. Const., art. I, § 17). (*Cowan, supra,* at pp. 44–45.)

in this case does not indicate beyond reasonable doubt that the failure to hold a hearing was harmless, so that a remand is necessary.

## Factual and Procedural History

Defendant, who is now 66 years old, was convicted on two felony charges—committing lewd acts on a child under 14 and on a child 14 or 15 years old (§ 288, subds. (a) & (c)(1))—and on three misdemeanor counts of molestation (§ 647.6, subd. (a)), all involving his former girlfriend's niece. Because the parties dispute only whether the court erred in imposing certain fines and assessments without determining defendant's ability to pay, we need not detail the underlying facts of the offenses. In October 2018, the court sentenced defendant to three years and eight months in prison, with credits of 477 days.[3]

Based on the five counts of conviction, the court imposed a $200 court operations assessment (§ 1465.8, subd. (a)(1) [$40 per conviction]) and a $150 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1) [$30 per conviction]). The court imposed a minimum restitution fine of $300 (§ 1202.4, subd. (b)(1)) and a suspended parole-revocation fine in the same amount (§ 1202.45).

The misdemeanor charges all allege conduct occurring significantly more than three years before the filing of the information. The parties agree that, because the charging document shows on its face that the applicable three-year statute of limitations barred those charges (see § 802, subd. (b)),

---

[3] The court sentenced defendant to the low term of three years on one felony count, count 2 (§ 288, subd. (a)), and a consecutive term of eight months (one third the midterm) on the second felony (§ 288, subd. (c)(1)). The court neglected to impose sentences on the three misdemeanor counts. The abstract of judgment incorrectly deems the sentence on count 2 the midterm penalty. The parties agree that the abstract must be corrected to identify that sentence as a low term.

defendant's convictions on those counts must be reversed, and the court operations and criminal conviction assessments therefore must be reduced to $80 and $60, respectively. After the judgment is corrected, defendant will thus be subject to assessments totaling $140 and to a restitution fine of $300 (and a suspended fine in the same amount).

Because the court did not hold a hearing on defendant's ability to pay, we have very little record on that issue. Defendant cites the presentence report to support assertions that he lost his housing when he was arrested, last worked as a gas-station attendant, has diabetes and high blood pressure, and pays child support for a 10-year-old son. The Attorney General does not dispute those assertions, but cites other passages in that report indicating that defendant has a college degree and was employed for 46 years, and that his son lives with the boy's mother. Defendant, in turn, does not dispute those assertions but does dispute the Attorney General's contention that neither of his medical conditions entails a "serious disability." In that regard, he asserts that the Department of Corrections and Rehabilitation has housed him at the Stockton Medical Facility, which the department's website describes as providing medical care to inmates with "the most severe and long[-]term needs." (<https://www.cdcr.ca.gov/facility-locator/chcf> [as of 4/7/20].) The Attorney General has not disputed the veracity of that assertion.

**Discussion**

1. *Defendant's contention has not been forfeited, nor is any error harmless.*

As indicated above, we initially adhere to our decision in *Johnson*, *supra*, 35 Cal.App.5th at pages 138–139, rejecting the Attorney General's contention that a defendant sentenced before the decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas)* forfeited his challenge to the trial court's failure to hold an ability-to-pay hearing by failing to object in the trial

4

court. (See also *People v. Castellano* (2019) 33 Cal.App.5th 485, 489.) Here, as in *Johnson,* defendant was sentenced in October 2018, prior to the January 2019 decision in *Dueñas,* and the court imposed both assessments and a restitution fine in the statutory minimum amount.[4]

In *Johnson*, however, we also held that the failure to hold an ability-to-pay hearing had been harmless beyond a reasonable doubt. (*Johnson*, *supra*, 38 Cal.App.5th at p. 140.) We noted evidence at trial indicating that—unlike the homeless and extremely poor defendant in *Dueñas*, who had a disability that prevented her from working—the defendant in *Johnson* had "worked off and on as a painter and a municipal cleaner," "owned and used a cell phone for texting," and had been able, on the night of the offense, "to afford the unplanned expense of a hotel room." (*Johnson*, *supra*, at p. 139.) Moreover, "going forward" Johnson would "have the ability to earn prison wages over a sustained period." (*Ibid.*, citing *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837 [court assessing ability to pay restitution fine may consider prison wages].)[5] Concluding that "[t]he idea that he cannot afford to pay $370 while

[4] Although *United States v. Bajakajian* (1998) 524 U.S. 321 (*Bajakajian*), discussed below, was decided in 1998, and we agree that the permissibility of a punitive assessment should be determined under Eighth Amendment standards, we do not believe defendant's failure to assert noncompliance with this standard resulted in waiver or forfeiture because the relevance of that standard to the assessments in question had apparently escaped the attention of the bar and the courts until brought out in the more recent decisions cited in the text below. Moreover, defendant has not argued on appeal that the *Bajakajian* standard applies. Further, even if waived, this court retains discretion to consider the issue.

[5] Defendant disputes "the assumption that equal protection and due process are not violated if the defendant pays the fines . . . through prison wages." However, even if fines do "affect indigent inmates disproportionately," as defendant asserts, he has not shown any violation of a constitutional right arising from the rule that, " 'in determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a

serving an eight-year prison sentence is unsustainable," we held that any error under *Dueñas* was harmless, as Johnson would have "ample time to pay [the $370] from a readily available source of income while incarcerated." (*Johnson*, *supra*, at p. 139.)

The Attorney General's attempt to analogize this case to *Johnson*, *supra*, 38 Cal.App.5th 923 has some force, but is ultimately unavailing. It may be that defendant's medical problems will not prevent him from working in prison, but we are reluctant to rely on such a supposition to resolve a factual issue that defendant had no occasion to dispute. Moreover, defendant will serve only two years and just over four months in prison, as opposed to the eight years at issue in *Johnson*. (See also *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035 [following *Johnson* in case involving 6-year sentence with 332 days' credit and total charges of $370].) During his 28 months in prison, defendant may or may not be able to earn enough to pay the $440 of fines and assessments that have been imposed.[6] Moreover, it may or may not be reasonable to expect that upon his release he will be able to earn enough to pay those amounts. Thus, because we conclude that

---

defendant's present ability but may consider . . . ability to pay in the future,'" including ability "to obtain prison wages." (*People v. Hennessy*, *supra*, 37 Cal.App.4th at p. 1837.)

[6]The Attorney General notes that prisoners in California earn minimum wages of $12 per month. (Cal. Dept. of Corrections & Rehab. Operations Manual (2019) § 51120.6, ch. 5, p. 355.) Other courts addressing whether *Dueñas* errors were harmless have cited regulations indicating that prison wages range from $12 to $56 per month, with up to half those earnings, plus outside financial support deposited in a prisoner's trust account, subject to garnishment to pay restitution fines. (*People v. Jones*, *supra*, 36 Cal.App.5th at p. 1035, citing Pen. Code, § 2085.5; Cal. Code Regs., tit. 15, §§ 3041.2, subd. (a)(1), 3097, subd. (f); accord, *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076.)

defendant's ability to pay requires consideration, remand to consider this factual issue is required.

    2. *The Attorney General acknowledges that substantive due process bars the imposition of the nominally "nonpunitive" assessments if defendant is unable to pay them.*

    *Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 7073." (*Dueñas, supra,* 30 Cal.App.5th at p. 1164; see also, e.g., *People v. Kopp* (2019) 38 Cal.App.5th 47, 95–96, review granted Nov. 13, 2019, S257844 (*Kopp*).) Although some decisions have disagreed with the due process analysis and conclusions in *Dueñas* (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1034–1041 (conc. opn. of Benke, J.); *People v. Hicks* (2019) 40 Cal.App.5th 320, 322, review granted Nov. 26, 2019, S258946; *People v. Aviles*, *supra*, 39 Cal.App.5th at pp. 1067–1069), the Attorney General, relying on two of the United States Supreme Court decisions on which the *Dueñas* court relied (*Mayer v. City of Chicago* (1971) 404 U.S. 189; *Griffin v. Illinois* (1956) 351 U.S. 12), acknowledges that substantive due process precludes the imposition of "nonpunitive" fines on defendants who have no ability to pay them. As set forth in *Cowan*, *supra*, 47 Cal.App.5th 32 , we reach the same conclusion based on the Eighth Amendment and article I, section 17 of the California Constitution. While the Attorney General contends the record establishes beyond a reasonable doubt that defendant has the ability to pay these assessments, for the reasons indicated above we do not agree and conclude that remand is necessary to determine this factual question.

3. *Consideration of defendant's ability to pay is also necessary with respect to imposition of the explicitly punitive restitution fine.*

The Attorney General does dispute the contention that due process requires the court to hold an ability-to-pay hearing and determine the defendant's ability to pay before the court may impose (without staying) a restitution fine. As two cases disagreeing with *Dueñas* have recently held (e.g., *Kopp, supra*, 38 Cal.App.5th at pp. 96–97; *People v. Aviles*, *supra*, 39 Cal.App.5th at pp. 1069–1070), the Attorney General argues that the propriety of such a fine, which admittedly is punitive in nature, is to be measured not by substantive due process standards but by compliance with the Eighth Amendment and California's constitutional prohibition on the imposition of excessive fines (Cal. Const., art. I, § 17). In *Cowan, supra*, 47 Cal.App.5th at page 42, this panel concluded that the issue is properly analyzed under those provisions. Indeed, in *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 (*R.J. Reynolds*), the Supreme Court noted that a civil penalty was "subject both to the state and the federal constitutional bans on excessive fines as well as state and federal provisions barring violations of due process." In all events, the difference is of no significance to the present controversy, because the defendant's ability to pay is also a factor under the constitutional prohibition of excessive fines. Both the federal and state constitutions require a court imposing a punitive fine to assess a defendant's ability to pay as one of four factors that determine whether the fine is excessive. (*R.J. Reynolds, supra,* at p. 728, citing *Bajakajian*, *supra*, 524 U.S. at pp. 337–338.) The court held that separate analysis under the due process and excessive fines provisions is "unnecessary" because it "makes no difference whether we examine the issue as an excessive fine or a violation of due process." (*Ibid.*) The Court of Appeal

in *Dueñas* explicitly noted the Supreme Court's recognition of this congruence. (30 Cal.App.5th at p. 1171, fn. 8.)

 *R.J. Reynolds* quoted *Bajakajian*'s observation that " '[t]he touchstone of the constitutional inquiry under the excessive fines clause is the principle of proportionality' " and paraphrased the four considerations that bear on proportionality: "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*R.J. Reynolds*, *supra*, 37 Cal.4th at p. 728.) While neither the excessive fines clause nor the due process clause categorically bars the imposition of a punitive fine solely because it exceeds a defendant's ability to pay, the defendant's ability to pay is a significant factor that must be considered along with the other three so-called *Bajakajian* factors in determining whether the fine is proportionate to the circumstances or is excessive.

 Because the federal and California constitutions oblige a court to consider that factor, it follows that the procedural requirements inherent in the due process clause require that before imposing a punitive fine the court must provide the defendant with an opportunity to address that factor (as well as the other *Bajakajian* factors). Although some recent decisions can be read to suggest otherwise (e.g., *Kopp*, *supra*, 38 Cal.App.5th at pp. 96–97), we do not believe that, consistent with due process, the court may impose that punishment without allowing a defendant, on request, to present evidence and argument why such a penalty is not appropriate.

 Because in imposing the restitution fine in this case the trial court did not weigh the *Bajakajian* factors, and because the important factor of defendant's ability to pay is a factual question, the matter must be remanded so that the trial court can make the necessary factual finding and then

determine whether, in light of all those factors, the restitution fine is constitutionally permissible. (*R.J. Reynolds, supra,* 37 Cal.4th at p. 731.)

4. *Defendant bears the burden of proving his inability to pay.*

Although *Dueñas* can be read to suggest that the People bear the burden of proving a defendant's ability to pay a challenged fine (*Dueñas, supra,* 30 Cal.App.5th at p. 1172), as we said in *Cowan,* we agree with the courts that have since held that a defendant bears the burden of proving an inability to pay a proposed fine or assessment (*Cowan, supra,* 47 Cal.App.5th at p. 49, citing *People v. Santos* (2019) 38 Cal.App.5th 923, 934; *Kopp, supra,* 38 Cal.App.5th at p. 96; *People v. Castellano, supra,* 33 Cal.App.5th at p. 490 [same division that decided *Dueñas* holding that defendant must "in the first instance contest . . . his or her ability to pay the [charges] to be imposed and at a hearing present evidence of his or her inability to pay"]).

On remand, the court must hold a hearing at which defendant may offer evidence and arguments about his ability to pay the charges at issue and the permissibility of the charges after considering all four *Bajakajian* factors.[7]

## Disposition

The judgment is reversed with directions to vacate defendant's convictions on counts 4 through 6 (Pen. Code, § 647.6, subd. (a)); correct the abstract of judgment to identify the sentence imposed on count 2 as a low

---

[7] In weighing these factors, defendant's asserted inability to pay should not be considered a negative factor unless, as in *Dueñas,* it can reasonably be determined that defendant will not acquire that ability in the future. If, looking forward, there is doubt in that regard, and the assessment is otherwise appropriate and is imposed, the defendant may attempt to establish his inability to make the payments should subsequent efforts be made to enforce the assessment or to penalize him for willful failure to pay it.

term; and hold a hearing to determine whether the charges may be imposed on defendant consistent with the constitutional standard described in this opinion.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.

11