Filed 5/19/21  P. v. Player CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID PLAYER,<br><br>    Defendant and Appellant. | H047887<br>(Monterey County<br>Super. Ct. No. 18CR006065) |

Defendant David Player appeals after a jury convicted him of two counts of possession of a weapon while in custody.  (Pen. Code, § 4502, subd. (a).[1])  The jury found true allegations that defendant had three prior convictions that qualified as "strikes."  (§ 1170.12.)

The trial court sentenced defendant to an aggregate prison sentence of 50 years to life, to be served consecutively to the life terms that defendant was already serving.  The trial court ordered defendant to pay a $10,000 restitution fine (§ 1202.4, subd. (b)) and imposed but suspended a $10,000 parole revocation restitution fine (§ 1202.45, subd. (a)).

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant contends the trial court erroneously imposed the $10,0000 restitution fine and the suspended $10,000 parole revocation fine without finding he had the ability to pay.

_____

[1] Unspecified section references are to the Penal Code.

Defendant contends this court should reduce those fines to the $300 statutory minimum or stay the fines until the People demonstrate he has an ability to pay.

As we explain below, we find defendant has failed to show he is entitled to reduction of the fines based on *Dueñas*. Therefore, we will affirm the judgment.

## I. BACKGROUND

### A. *Defendant's Prior Prison Sentences*

In 2000, defendant was sentenced to an indeterminate life term, consecutive to a 17-year determinate term, for convictions of attempted first degree murder (§ 664, 187, subd. (a)), attempted voluntary manslaughter (§ 664, 192, subd. (a)), second degree robbery (§ 211), and exhibiting a firearm in the presence of a peace officer (§ 417, subd. (c)), with firearm use enhancements (former § 12022.5, subd. (a)(1), § 12022.53, subd. (b)).

In 2007, defendant was sentenced to an indeterminate term of "life without possibility of parole for 27 years, plus 5 years" for convictions of assault by a life inmate on a correctional officer (§ 4500) and possession of a weapon while in custody (§ 4502, subd. (a)). The trial court specified that the sentence was to be served consecutively to the sentence defendant was already serving.

### B. *Defendant's Current Convictions and Sentence*

The facts underlying defendant's current convictions are not relevant to the issue defendant raises on appeal. Briefly, on two occasions, defendant was found in possession of an inmate-manufactured weapon while he was an inmate at Salinas Valley State Prison. First, on April 17, 2018, defendant had a "stabbing weapon" in the waistband area of his pants. The weapon had a sharpened metal end and a melted plastic handle, with a rubber band for grip. Second, on October 1, 2018, after defendant fought with another inmate, defendant retrieved a weapon from the ground and tried to throw it over a wall. The weapon had a metal end and a cloth handle.

A jury found defendant guilty of two counts of possession of a weapon while in custody (§ 4502, subd. (a)) and found true three "strike" allegations (§ 1170.12).

At defendant's sentencing hearing, held in February 2020, the trial court imposed an aggregate prison sentence of 50 years to life, comprised of two consecutive terms of 25 years to life. The trial court specified that the current sentence was to be served consecutively to the life terms that defendant was already serving. The trial court ordered defendant to pay a $10,000 restitution fine (§ 1202.4, subd. (b)) and imposed but suspended a $10,000 parole revocation restitution fine (§ 1202.45, subd. (a)).

Defendant's trial counsel asked the trial court to "reconsider" its imposition of "the maximum fines and fees," noting that defendant was "in custody . . . serving a lengthy sentence with limited prospects at a level four prison where there's not a lot of opportunity for work." Defendant's trial counsel requested the trial court impose "the minimum [restitution] fine[] of $300." The trial court declined to reduce the fines.

## II.    DISCUSSION

### A.    *The Dueñas Case*

The defendant in *Dueñas* was indigent, homeless, and unemployed due to a disability. Her driver's license was suspended because she was unable to pay for citations she had received in the past. She was convicted of driving with a suspended license, placed on misdemeanor probation, and ordered to pay a $150 restitution fine, a $40 court facility fee, and a $30 court operations assessment. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1162.) The trial court found that the latter two fees were mandatory and that the restitution fine could only be waived if there were " 'compelling and extraordinary reasons' " as defined by section 1202.4, subdivision (c), which excludes "inability to pay" as a basis for waiver. (*Dueñas*, *supra*, at p. 1163.)

*Dueñas* found it unconstitutional to "us[e] the criminal process to collect" fines and fees that the defendant could not pay due to her poverty. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1160.) The court held "that due process of law requires the trial court

3

to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373" and "that although Penal Code section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, *supra*, at p. 1164.)

The *Dueñas* court noted that the court facility fee and the court operations assessment were intended to generate funds for courts rather than to be "punitive." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1165.)  However, that revenue goal is not furthered by imposing such fees on people who are unable to pay.  (*Id.* at p. 1167.)  Moreover, a person who cannot pay court fees can face additional consequences, such as collections actions, which the court described as "additional punishment" that, if imposed without a finding of ability to pay, would be "fundamentally unfair."  (*Id.* at p. 1168.)

The restitution fine, in contrast, *is* intended to be "additional punishment for a crime."  (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1169.)  However, imposition of even a minimum fine on an indigent defendant can result in disparate treatment of indigent and wealthy probationers, because someone who can pay off the restitution fine and fulfills all the other obligations of probation can often obtain dismissal of the charges pursuant to section 1203.4.  (See *Dueñas*, *supra*, at p. 1170.)

**B.     Post-Dueñas Cases**

Courts of Appeal have not agreed whether *Dueñas* was correctly decided, and the issue is pending before the California Supreme Court in *People v. Kopp* (2019) 38 Cal.App.5th 47, S257844, review granted November 13, 2019.  Members of this court have reached different conclusions on the issue.  (See *People v. Adams* (2020) 44 Cal.App.5th 828, 831 [maj. opn.]; *id.* at pp. 832-833 [dis. opn. of Premo, J.]; *People v.*

4

*Petri* (2020) 45 Cal.App.5th 82, 91-92 [maj. opn.]; *id.* at p. 95 [dis. opn. of Premo, J.]; *People v. Santos* (2019) 38 Cal.App.5th 923, 933 [maj. opn.]; *id.* at p. 935 [dis. opn. of Elia, J.] (*Santos*).)

Some courts have held that instead of a due process analysis, a defendant's constitutional challenge to the imposition of fees and fines "should be raised under the Eighth Amendment to the United States Constitution to determine whether the fines, fees, and assessments are 'grossly disproportional to the gravity of a defendant's offense' and thus 'excessive.' " (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1061 (*Aviles*); see also *People v. Cowan* (2020) 47 Cal.App.5th 32, 42, review granted Jun. 17, 2020, S261952.)[2]

Some courts have found *Dueñas* inapplicable or distinguishable because the defendants' criminal convictions did not result from their inability to pay prior fines and fees. (E.g., *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1054-1055; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) And some courts have found that even if a trial court is required to hold an ability to pay hearing, failure to do so is harmless if the record demonstrates that the defendant would be able to earn sufficient prison wages such that he or she could not have established an inability to pay. (See *People v. Johnson* (2019) 35 Cal.App.5th 134, 139-140; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035 (*Jones*).)

## C.     *Arguments and Analysis*

Defendant contends the record contains no substantial evidence of his ability to pay the $10,000 restitution fine. Defendant acknowledges that, as a life prisoner as opposed to a probationer, he does not face the prospect of further incarceration or extension of his probation if he is unable to pay his fees and fines. However, he argues,

---

[2] In the present case, the Attorney General takes the position that defendant's challenge should be reviewed under the Eighth Amendment rather than under the due process clause. The Attorney General argues that the $10,000 restitution fine was not grossly disproportionate to the gravity of defendant's offenses.

he does face the prospect of having his prison wages garnished, which could impact his ability to buy items from the prison canteen.  Defendant contends that a wealthier prisoner would not face such a "hardship."

Defendant's argument stretches *Dueñas* well beyond its holding.  *Dueñas* did not hold that fines and fees must be imposed in a manner that ensures all defendants have an equal financial burden, or that fines and fees may not result in any financial hardship to a defendant.  Rather, *Dueñas* held that it is unfair to impose fines and fees that effectively result in further penal consequences to a person who has no ability to pay.  A defendant's diminished ability to purchase items from the prison canteen is not a further penal consequence within the rationale of *Dueñas.*

Even if we assume that *Dueñas* was correctly decided and that its rationale is applicable to the present case, substantial evidence supports the trial court's implied finding that defendant had the ability to pay the $10,000 restitution fine.

Substantial evidence is "evidence which is reasonable, credible, and of solid value."  (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)  In conducting a substantial evidence review, " 'a reviewing court "presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." ' "  (*People v. McCurdy* (2014) 59 Cal.4th 1063, 1104.)

Defendant, who was 38 years old at the time of sentencing, will be serving a very lengthy prison term, and nothing in the record indicates he could not work to earn prison wages.  In fact, defendant's trial counsel implicitly conceded that defendant had the physical ability to work when he noted that defendant's job opportunities could be limited due to the classification of his prison.

"Wages in California prisons currently range from $12 to $56 a month. [Citations.]  And half of any wages earned (along with half of any deposits made into [a defendant's] trust account) are deducted to pay any outstanding restitution fine."  (*Jones*, *supra*, 36 Cal.App.5th at p. 1035; see *People v. Hennessey* (1995) 37 Cal.App.4th 1830,

1837 ["defendant's ability to obtain prison wages" is properly considered when determining whether ability to pay]; *Santos*, *supra*, 38 Cal.App.5th at p. 934 [same].)

While asserting that his ability to work in prison will depend on the availability of jobs, defendant acknowledges that he could earn up to $14.80 per week. At that rate, defendant would earn $769.60 per year. With half of those wages being deducted, he would be able to pay the $10,000 restitution fine in about 26 years. Even at a lower rate of pay, defendant could pay the $10,000 restitution fine during his sentence of 50 years to life. (See *Aviles*, *supra*, 39 Cal.App.5th at pp. 1062, 1076 [defendant sentenced to a prison term of 82 years to life had the ability to pay $10,600 in restitution fines, $160 in court operations assessments, and $120 in court facilities funding assessments].) On this record, the trial court could reasonably conclude that "[w]hile it may take defendant some time to pay the amounts imposed in this case" (*Aviles*, at p. 1077), defendant failed to carry his burden to "present evidence of his . . . inability to pay" (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490).

## III.    DISPOSITION

The judgment is affirmed.

7

_____

                                        Cogliati, J.*

WE CONCUR:

_____

        Greenwood, P.J.

_____

        Danner, J.

<u>People v. Player</u>
H047887

_____

* Judge of the Santa Cruz County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.