Filed 11/4/21  P. v. Walston CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C092121 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19CR001167, 20CR000001) |
| v. | |
| RAYMOND WALSTON III, | |
| Defendant and Appellant. | |

Defendant Raymond Walston III pled guilty to possession of a controlled substance while armed with a firearm, willfully driving a vehicle on a highway in the direction opposite to lawful traffic during flight from a pursuing peace officer, and resisting an executive officer.  The trial court imposed $1,500 in restitution fines, a $120 court operations assessment, a $90 convictions assessment, and a $360 drug program fee.  Defendant appeals the imposition of these fines, assessments, and fee.

The fundamental premise of defendant's argument is that the trial court had an obligation to determine his ability to pay before imposing the fines, assessments, and fee,

and, in the absence of doing so, the trial court violated his state and federal constitutional rights and Health and Safety Code section 11372.7.

Defendant acknowledges he failed to object to the imposition of the fines, assessments, and fee on the ground of inability to pay but asserts his arguments are not forfeited because the unauthorized sentence exception applies. In the alternative, defendant asserts his trial counsel was constitutionally ineffective for failing to object and/or argue he lacks the ability to pay the fines, assessments, and fee.

We conclude defendant forfeited his ability-to-pay arguments and has failed to carry his burden in establishing he received ineffective assistance of counsel. Finding no error, we thus affirm.

BACKGROUND

The substantive facts underlying the convictions are not relevant to the issues raised on appeal and are therefore not recounted here. In early 2020, defendant pled guilty[1] to possession of a controlled substance while armed with a firearm, willfully driving a vehicle on a highway in the direction opposite to lawful traffic during flight from a pursuing peace officer, and resisting an executive officer. The trial court sentenced defendant to an aggregate term of four years. The court also imposed $1,500 in restitution fines (Pen. Code,[2] § 1202.4, subd. (b)), a $360 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)), a $120 court operations assessment (§ 1465.8), and a $90 convictions assessment (Gov. Code, § 70373). Defendant did not object to the imposition of the fines, assessments, or the drug program fee.

After initiating his appeal, defendant submitted a request to the trial court pursuant to section 1237.2. Defendant requested the trial court stay the restitution fines and strike

_____

[1]     Defendant pled guilty to charges from two separate cases and was sentenced on both cases at the same hearing. This appeal concerns both cases.

[2]     Undesignated statutory references are to the Penal Code.

2

the assessments and fee until the prosecution demonstrated defendant's ability to pay, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157. The trial court rejected this request. Defendant submitted a second section 1237.2 motion, requesting the same relief as under the first motion, but relying on the Eighth Amendment and *People v. Kopp* (2019) 38 Cal.App.5th 47 (review granted Nov. 13, 2019, S257844). The trial court also rejected this request.

We now consider the merits of defendant's appeal.

DISCUSSION

I

*Defendant's Claims Are Forfeited*

Relying on *Dueñas* and *Kopp*, defendant argues the trial court violated his state and federal constitutional rights by failing to determine he has the ability to pay the fines, assessments, and fee before imposing them. He further asserts that, in the alternative, the trial court violated Health and Safety Code section 11372.7 by imposing the drug program fee without first determining he has the ability to pay it. Defendant acknowledges he did not object to the imposition of the fines, assessments, and fee; he asserts, however, his claims are preserved because the unauthorized sentence exception to the forfeiture rule applies.

The People argue defendant forfeited his claims, as he did not raise his inability to pay the fines, assessments, and the drug program fee at sentencing. We agree with the People.

The two restitution fines imposed under section 1202.4 were in excess of the $300 minimum. Our Supreme Court has already determined appellate challenges to a general restitution fine in excess of the mandatory minimum are forfeited in the absence of the defendant objecting to the imposition thereof during sentencing. (*People v. Nelson* (2011) 51 Cal.4th 198, 227.) That is because the imposition of a restitution fine in excess of the mandatory minimum expressly requires the trial court to consider a defendant's

3

ability to pay. (§ 1202.4, subd. (d).) The same is true of the drug program fee imposed under Health and Safety Code section 11372.7. (Health & Saf. Code, § 11372.7, subd. (b).) As to the assessments, the sentencing hearing was held after *Dueñas* was decided. There was thus authority for requesting an ability-to-pay determination at the sentencing hearing and defendant failed to request one. (Cf. *People v. Castellano* (2019) 33 Cal.App.5th 485, 489.) Defendant has accordingly forfeited his ability-to-pay challenges to the fines, assessments, and fee imposed.

We find no basis for applying the unauthorized sentence exception under the facts presented. The unauthorized sentence exception to the forfeiture rule is narrow and applies only when the sentence " 'could not lawfully be imposed under any circumstance in the particular case.' [Citation.] The appellate court may intervene in the first instance because these errors 'present[] "pure questions of law" [citation], and [are] " 'clear and correctable' independent of any factual issues presented by the record at sentencing" ' and without 'remanding for further findings.' " (*In re G.C.* (2020) 8 Cal.5th 1119, 1130.) Defendant's inability-to-pay arguments are based on factual contentions and do not present pure questions of law; the narrow unauthorized sentence exception is thus inapplicable. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1085 [*Dueñas* claim is based upon factual arguments concerning ability to pay and does not fall within unauthorized sentence exception]; see also *People v. Avila* (2009) 46 Cal.4th 680, 729 [$10,000 restitution fine not unauthorized sentence based on inability-to-pay argument].)

II

*Defendant Has Failed To Establish Ineffective Assistance Of Counsel*

Defendant argues his counsel was constitutionally ineffective for failing to object to the imposition of the fines, assessments, and fee based on his inability to pay them. To establish ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting

4

prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Mere speculation does not meet the Sixth Amendment standard for demonstrating prejudice. (*In re Clark* (1993) 5 Cal.4th 750, 766.) On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Ibid.*)

Defendant raises only conclusory arguments as to why his counsel's performance was deficient. As to the restitution fines, defendant asserts, without any citation to the record, that "the failure to raise the issue could not be justified by any reasonable strategy because the evidence indicated [he] lacks the ability to pay." We do not consider factual assertions in the absence of record citations. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) Defendant further argues, without any analysis, that his counsel's performance was deficient for failing to object to the imposition of the restitution fines and/or failing to argue his inability to pay them "[b]ecause the burden was on the prosecution to prove [his] ability to pay or because the court needed to determine [his] ability to pay." Defendant fails to explain how the foregoing relates to his counsel's allegedly deficient performance. We further note defendant is mistaken in that *he had the burden to establish inability to pay the restitution fines*; the burden was not on the prosecution. (§ 1202.4, subd. (d); *People v. Castellano*, *supra*, 33 Cal.App.5th at p. 490.)

As to the assessments and fee, defendant declares his counsel's failure to object or argue inability to pay was deficient as such arguments would have been meritorious and there was no reasonable strategy in failing to raise the objections and arguments. The question is *not* whether such arguments would have been meritorious; the question is instead whether defendant has shown his counsel had no rational tactical reason for the

5

omission or there simply could be no satisfactory explanation for his counsel's performance. (*In re Clark*, *supra*, 5 Cal.4th at p. 766.) To that question, defendant provides no reasoned analysis and thus fails to meet his burden on appeal. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 [we disregard conclusory arguments failing to disclose the reasoning by which the appellant reached the conclusion he, she, or they want us to adopt].)

As this court previously explained: " 'Ability to pay does not necessarily require existing employment or cash on hand.' [Citation.] '[I]n determining whether a defendant has the ability to pay . . . , the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future.' [Citation.] This included the defendant's ability to obtain prison wages and to earn money after his release from custody." (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837.)

The only document defendant cites as evidence in support of this appeal is the probation report. The probation report states defendant was 30 years old at the time of sentencing and he drove a car during the commission of the crimes. Defendant's license was suspended on January 11, 2020, for insurance cancellation. Defendant did not graduate from high school but had previously worked at McDonald's *for seven years* in an unknown capacity before losing his job in 2018. Defendant "considered himself an alcoholic before he quit drinking [in or around 2018]" and "[h]e smoked marijuana heavily when he was drinking but not any longer." In 2019, defendant started smoking about a gram of methamphetamine a day. Nothing in the probation report indicates defendant could not obtain employment in prison or following his release, or that he suffers from any physical, emotional, or mental limitations for purposes of gaining employment. Although the probation report mentions defendant "said he hears voices in his head," it also states he "has never been diagnosed with a mental illness." Further, defendant's sentence was only four-years long; in other words, defendant would be around 34 years old upon his release.

From the foregoing, there is no way of knowing whether counsel may have had information regarding defendant's financial resources or assets that would have foreclosed a challenge to his ability-to-pay argument as to the $2,070 in fines, assessments, and fee imposed. Indeed, even though defendant was unemployed when he committed the crimes, defendant was still able to smoke methamphetamine daily and was driving a car (the ownership of which was not clearly established in the probation report, but the probation report referred to the vehicle as "his car" and "defendant's car" and there was no indication the car had been stolen or borrowed). Further, trial counsel may not have viewed an ability-to-pay objection as having any merit given the amount imposed when considering defendant's age, the length of his prison term, his prior employment with the same employer for seven years, the lack of evidence defendant had any physical, emotional, or mental ailment precluding employment in prison or upon release, and that the trial court could reasonably infer "defendant's unemployment at the time of his arrest arose from a lifestyle choice" given his admission of being an alcoholic and marijuana user around the time he lost his position at McDonald's. (*People v. Hennessey*, *supra*, 37 Cal.App.4th at p. 1837).

As our Supreme Court previously noted, " '[f]ailure to object rarely constitutes constitutionally ineffective legal representation.' " (*People v. Gray* (2005) 37 Cal.4th 168, 207.) Where, as here, the record sheds no light on why counsel failed to act in the manner challenged and defendant fails to demonstrate there " 'simply could be no satisfactory explanation,' " the claim is more appropriately raised in a petition for writ of habeas corpus. (*Ibid*.)

III

*The Trial Court Did Not Violate Health And Safety Code Section 11372.7*

As an alternative to his constitutional challenges, defendant asserts the trial court violated Health and Safety Code section 11372.7 by imposing the drug program fee

7

without determining his ability to pay, and "[a]ccordingly, the fee must be struck." Defendant is mistaken.

Health and Safety Code section 11372.7, subdivision (a), provides in pertinent part, "[E]ach person who is convicted of [certain narcotics offenses, including a violation of Health and Safety Code section 11377] shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense. The court shall increase the total fine, if necessary, to include this increment, which shall be in addition to any other penalty prescribed by law." The fee is mandatory, however subdivision (b) provides, "[t]he court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee." A determination of ability to pay requires consideration of the facts, but the court is not required to make "express findings as to a defendant's ability or inability to pay" a drug program fee under Health and Safety Code section 11372.7, subdivision (b). (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1516; *People v. Staley* (1992) 10 Cal.App.4th 782, 785.)

"Absent a showing to the contrary, we presume the trial court fulfilled its duty to make the requisite determination. [Citations.] It was necessary only that the record contain evidence supporting an implied determination of ability to pay." (*People v. Hennessey*, *supra*, 37 Cal.App.4th at pp. 1836-1837.) Again, " '[a]bility to pay does not necessarily require existing employment or cash on hand' " and the court may consider a defendant's ability to pay in the future based on prison wages or his ability to earn money after his release from custody. (*Id*. at p. 1837.)

Based on the probation report, discussed *ante*, the record contains evidence supporting an implied determination of ability to pay the $360 drug program fee. Defendant was 30 years old at the time of sentencing and would be around 34 years old upon his release from prison. Defendant had previously worked at McDonald's for seven years in an unknown capacity before losing his job in 2018 -- indicating he was able to hold down a job with the same employer for a long period of time. The court "was

8

entitled to infer defendant's unemployment at the time of his arrest arose from a lifestyle choice" given his admission as to the use of alcohol and marijuana in 2018, when his employment was terminated. (*People v. Hennessey*, *supra*, 37 Cal.App.4th at p. 1837.) Further, the trial court could have inferred defendant obtained money elsewhere despite being unemployed because defendant drove his car around and was able to smoke about a gram of methamphetamine a day. And, finally, nothing in the record indicated defendant would be unable to work in prison or upon his release at the age of 34 years old.

We accordingly conclude defendant has failed to show the trial court violated Health and Safety Code section 11372.7 when it imposed the $360 fee.

DISPOSITION

The judgment is affirmed.


/s/
Robie, Acting P. J.



I concur:



/s/
Mauro, J.

DUARTE, J., Dissenting.

I agree with Part I of the majority's opinion and agree with its ultimate conclusion affirming the judgment. However, as to the remaining analyses contained in Parts II and III, I disagree with the majority's reasoning. I would reach the same result by concluding that because defense counsel filed two separate Penal Code section 1237.2 letters specifically requesting reduction or elimination of the disputed fines, assessments, and fee, no prejudice resulted from trial counsel's inexplicable failure to request a reduction of the disputed monetary amounts at the sentencing of an unemployed and drug addicted client with no apparent source of income or accumulated assets.

As the majority points out, after initiating his appeal, defendant submitted a request to the trial court pursuant to Penal Code section 1237.2, asking the court to stay the restitution fines and strike the assessments and fee, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157. The trial court rejected this request. Defendant submitted a second Penal Code section 1237.2 motion, requesting the same relief as under the first motion, but relying on the Eighth Amendment and *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844. The trial court also rejected this request.

It is therefore clear that even had counsel timely objected to the fines, assessments, and fee, and sought reduction or other relief, that request would have been denied. Defendant therefore cannot show prejudice based on counsel's failure to request relief at the time of sentencing.

For that reason, I agree with the majority's conclusion that the judgment should be affirmed.

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Duarte, J.

1