[No. C017143. Third Dist. Sept. 6, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK MICHAEL HENNESSEY, Defendant and Appellant.

**COUNSEL**

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

RAYE, J.—Defendant Patrick Michael Hennessey pleaded guilty to attempting to dissuade a witness (Pen. Code, § 137, subd. (b)), two counts of second degree robbery (Pen. Code, § 211), two counts of possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)), and six counts of possession of prohibited weapons (Pen. Code, § 12020, subd. (a)). He also admitted three firearm use enhancements (Pen. Code, §§ 12022.5, subd. (a) & 12022, subd. (a)) and one prior prison term enhancement (Pen. Code, § 667, subd. (a)). Defendant was sentenced to an aggregate prison term of twenty-four years and four months: a five-year term for one robbery; a consecutive one-year term for the second robbery; concurrent two-year terms for the two counts of possession of a firearm by a felon and the six counts of possession of prohibited weapons; a consecutive five-year term for one firearm use enhancement; a consecutive sixteen-month term for the second firearm use enhancement; a consecutive five-year term for the prior prison term enhancement; a fully consecutive three-year term for the attempted dissuasion of a witness and a fully consecutive four-year term for its related firearm use enhancement. The court also imposed a $4,000 restitution fine. (Former Gov. Code, § 13967, subd. (a).)[1]

On appeal, defendant argues the prosecutor failed to adequately plead and prove Penal Code section 1170.15 which provides for full consecutive sentences when a defendant attempts to dissuade a witness. He further asserts the court erred in imposing the $4,000 restitution fine without considering his ability to pay and argues the record will not support such a finding. We shall affirm.

### I

Penal Code section 137, subdivision (b) (hereinafter section 137), provides in pertinent part: "Every person who attempts by force or threat of force or by the use of fraud to induce any person . . . to withhold true material information pertaining to a crime from, a law enforcement official is guilty of a felony, punishable by imprisonment in the state prison for two, three, or four years."

Penal Code section 1170.15 (hereinafter section 1170.15) provides in pertinent part: "Notwithstanding the provisions of subdivision (a) of Section 1170.1 which provide for the imposition of a subordinate term for a consecutive offense of one-third of the middle term of imprisonment, if a person is

---

[1]Government Code section 13967, subdivision (a), was amended effective September 28, 1994. (Stats. 1994, ch. 1106, § 2; see also Pen. Code, § 1202.4.)

convicted of a felony, and of an additional felony which is a violation of Section . . . 137 and which was committed against . . . a person who was about to give material information pertaining to, the first felony, . . . the subordinate term for each consecutive offense which is a felony described in this section shall consist of 100 percent of the middle term of imprisonment for the felony for which a consecutive term of imprisonment is imposed, and shall include 100 percent of any enhancements imposed pursuant to Section . . . 12022.5[.]"

■ Arguing section 1170.15 creates an enhancement which must be pleaded and proven, defendant asserts imposition of fully consecutive sentences for attempted dissuasion of a witness and its related firearm use enhancement was error and violated his due process rights because he did not receive adequate notice of which crime he attempted to dissuade a witness from giving information. We disagree.

Research reveals no authority directly addressing the nature of section 1170.15. However, we conclude this statute does no more than what it says; it creates an alternative sentencing scheme to Penal Code section 1170.1, not an enhancement. Section 1170.15 contains none of the textual earmarks of an enhancement statute. ■ As the California Supreme Court recently noted, "[w]hile no magic words need be used to identify an enhancement, we note that many enhancement statutes in fact use the word 'enhancement,' . . . while others refer to imposition of an 'additional term.' . . ." (*People v. Hernandez* (1988) 46 Cal.3d 194, 207, fn. 15 [249 Cal.Rptr. 850, 757 P.2d 1013], citations omitted, overruled on another ground in *People v. King* (1993) 5 Cal.4th 59, 78, fn. 5 [19 Cal.Rptr.2d 233, 851 P.2d 27]; see also *People v. Rayford* (1994) 9 Cal.4th 1, 9-10 [36 Cal.Rptr.2d 317, 884 P.2d 1369].) ■ Section 1170.15 contains neither of these terms. Rather, the Legislature took pains to distinguish section 1170.15 from the general sentencing scheme in stating, "Notwithstanding the provisions of subdivision (a) of Section 1170.1 . . . ." (Cf. *People v. Price* (1984) 151 Cal.App.3d 803, 820-821 [199 Cal.Rptr. 99] [fully consecutive sentences provided by Penal Code section 667.6 create alternative sentencing scheme "in lieu of" Penal Code section 1170.1]; *People v. Stought* (1981) 115 Cal.App.3d 740, 742 [171 Cal.Rptr. 501] [same].)

Emphasizing this court has stated that "[a]n 'enhancement' results in a penalty additional to that normally imposed for the charged offense, based on proof of additional facts" (*People v. Stought, supra*, 115 Cal.App.3d at pp. 742-743), defendant argues section 1170.15 requires proof defendant specifically intended to dissuade a witness regarding a particular crime. We are not persuaded.

In *People* v. *Hernandez, supra,* 46 Cal.3d 194, the Supreme Court defined the concept of "additional facts." The defendant in *Hernandez* was convicted by jury of kidnapping and rape. (*Id.* at p. 199.) Without notice to the defendant before the probation report was prepared, the sentencing court imposed an additional three-year term under Penal Code section 667.8, which provides for such a term where defendant kidnaps for the purpose of rape. (46 Cal.3d at p. 199.) The court struck the three-year term, concluding section 667.8 created an enhancement requiring a specific intent which the trial court could not find as a "sentencing fact" but which must be pleaded and proven. (46 Cal.3d at pp. 204-208.) In determining whether section 667.8 was an enhancement, the California Supreme Court noted: "Enhancements typically focus on an element of the commission of the crime or the criminal history of the defendant which is not present in all such crimes and perpetrators and which justifies a higher penalty than that prescribed for the offenses themselves. That is the very purpose of the enhancement's existence." (46 Cal.3d at pp. 207-208.)

 Section 137 requires that the defendant dissuade a witness from giving information "pertaining to a crime." Under section 1170.15, the sentencing judge need only determine if that crime was a felony of which the defendant was convicted; the dissuasion sentence quite obviously cannot run fully consecutively to an underlying offense for which the defendant was not convicted. This finding does not focus on an element of the commission of the crime justifying a higher penalty like a specific intent to kidnap for the purpose of rape.

Section 1170.15 does not create an enhancement, but an alternative sentencing scheme. Just as we find no authority for the proposition that defendant must receive notice of the intricacies of Penal Code section 1170.1, section 1170.15 need not be specifically pleaded and proven.

 Turning to the asserted due process violation, unlike *Hernandez* in which "no notice whatsoever, not just of the code section but of the mens rea required by 667.8, was given either in the information, arguments of counsel, or evidence produced at trial" (*People* v. *Hernandez, supra,* 46 Cal.3d at p. 208), the record in the present case is replete with notice of not only the crime about which defendant attempted to dissuade a witness, but also the possibility of full consecutive sentences.

During the preliminary hearing, Anne Hennessey testified she and defendant became involved in an argument three days after the October 18, 1991, robbery. As she left the garage and entered the home, Anne threatened to turn defendant in if he did not remove the proceeds of the robbery from the

home. Following Anne, defendant cocked a loaded .357 magnum and placed it in her eyes, saying, "You are lucky I don't kill you." The defense counsel interrupted the direct examination to clarify that this testimony addressed the witness dissuasion charge. Anne later testified defendant threatened her in order to dissuade her only once, "[t]he night after I went out of the garage, into the house."

Furthermore, count eleven of the second amended information alleged defendant attempted to induce Anne Hennessey to withhold information from a law enforcement official "on or about the month of October, 1991." The count further alleged the offense was "connected in its commission with the charges set forth in counts one through Ten hereof." As counts two through ten alleged offenses occurring in either 1992 or 1993, the only offense about which defendant could have attempted to dissuade Anne Hennessey was the robbery alleged in count one which occurred on October 18, 1991.

Defendant also received notice he faced full consecutive sentencing at his change of plea hearing. Before accepting defendant's guilty plea to all 11 counts, the court informed defendant he could not receive a sentence greater than 31 years and 4 months. This term can only be achieved through the imposition of full consecutive sentences for both dissuading a witness and its firearm use enhancement.

The trial court did not err in imposing fully consecutive sentences for defendant's attempted dissuasion of a witness and the related firearm use enhancement.

## II

██ Defendant asserts the court failed to determine his ability to pay the $4,000 restitution fine and argues the record will not support such a finding. Defendant, however, has waived this contention on appeal by his failure to object to the imposition of the fine in the trial court. (*People* v. *Gibson* (1994) 27 Cal.App.4th 1466 [33 Cal.Rptr.2d 217], review den. Dec. 14, 1994.) In any event, the contention fails on its merits.

Former Government Code section 13967, subdivision (a), did not require the trial court to make an express finding on the record that a defendant has the ability to pay the restitution fine. (*People* v. *Frye* (1994) 21 Cal.App.4th 1483, 1485 [27 Cal.Rptr.2d 52].) Absent a showing to the contrary, we presume the trial court fulfilled its duty to make the requisite determination. (Evid. Code, § 664; *Frye, supra,* 21 Cal.App.4th at pp. 1485-1486.) It was

necessary only that the record contain evidence supporting an implied determination of ability to pay. (*Frye, supra,* at p. 1486; cf. *People* v. *Staley* (1992) 10 Cal.App.4th 782, 785-786 [12 Cal.Rptr.2d 816].) "Ability to pay does not necessarily require existing employment or cash on hand." (*Staley, supra,* at p. 785.) "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." (*Frye, supra,* at p. 1487, italics in the original.) This included the defendant's ability to obtain prison wages and to earn money after his release from custody. (*Ibid.*)

Here, the record supports the implied finding of ability to pay. At the time of sentencing, defendant was 32 years old. He received his GED (General Education Diploma) while in the Marine Corps from which he received an honorable discharge in 1982. Sporadically employed between 1984 and 1986 as an auto dismantler and mechanic, the court was entitled to infer defendant's unemployment at the time of his arrest arose from a lifestyle choice. (*People* v. *Staley, supra,* 10 Cal.App.4th at p. 786.) While defendant's wife reported that defendant received a broken wrist when he was "double cuffed" and will require surgery, the record does not suggest this injury completely disabled defendant from all employment either before and most certainly not after the surgery. Hence, the court properly found defendant had the ability to pay the $4,000 restitution fine.

The judgment is affirmed.

Puglia, P. J., and Morrison, J., concurred.