[No. C035442. Third Dist. Sept. 27, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY BRIAN EVANS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, II, IV and V.

COUNSEL

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Michael P. Farrell, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HULL, J.**—Defendant Gary Brian Evans was sentenced to an aggregate term of seven years in prison in three cases stemming from acts of domestic

violence against his wife. On appeal, defendant contends the admission of other incidents of domestic violence under Evidence Code section 1109 violated his state and federal due process rights to a fair trial. He also contends the trial court erred in instructing the jury with CALJIC No. 2.50.02 (1999 rev.) (6th ed. 1996) (hereafter CALJIC No. 2.50.02) and a modified version of CALJIC No. 2.50.2. Finally, defendant contends the trial court committed various sentencing errors, which the People concede. We find no violation of defendant's constitutional rights, but agree the trial court erred in sentencing defendant. Accordingly, we affirm the convictions but remand the matter for resentencing.

## FACTS AND PROCEDURAL HISTORY

In February 1997, defendant was charged with one count of spousal abuse (Pen. Code, § 273.5, subd. (a))[1] and one count of dissuading a witness (§ 136.1, subd. (c)(1)), arising out of an incident in which he choked and kicked his wife, then threatened to kill her if she told the police (hereafter case No. 97-886). Defendant agreed to plead no contest to the spousal abuse charge in exchange for a guarantee of no state prison at the outset, dismissal of the dissuading a witness charge, and dismissal of another case involving charges of battery (§ 242) and making a terrorist threat (§ 422), which arose out of an earlier argument with his wife. The trial court accepted the plea bargain and placed defendant on three years' probation.

On January 9, 1998, defendant and his wife had another argument, this time in front of their two daughters, ages eight and 13. Defendant's wife later testified they started arguing in the bedroom, then moved to the kitchen where defendant began choking her until their two daughters told him to stop. Defendant left the house when the eight year old said the police were coming, but before he left he told his wife she "better not tell his probation officer or anything."

Later that day, defendant was arrested for battery and making terrorist threats against his wife, but was released on bail. Meanwhile, defendant's wife had gone to a shelter with the children. Three days later, on January 12, 1998, defendant's probation officer filed a declaration alleging defendant had violated the terms of his probation in case No. 97-886 by (1) committing new crimes on January 9, (2) being expelled from the sheriff's work incentive program for accruing three unexplained absences, (3) failing to complete a domestic violence/anger control program, and (4) failing to pay any of the financial obligations of his probation. The court revoked defendant's probation and ordered him held without bail.

---

[1]All further undesignated statutory references are to the Penal Code.

On January 13, defendant's wife returned to the house to pick up some belongings. She found the word "Bitch" written in her husband's handwriting with cake frosting on the bedroom wall, broken and torn wedding pictures on the living room floor, pictures with her face stabbed out of them, and their marriage certificate with the words "Until death do you part" written on it in her husband's handwriting.

On January 21, 1998, a first amended complaint was filed charging defendant with dissuading a witness (§ 136.1, subd. (c)(1) and a number of other charges for the incidents that had occurred on and after January 9 (hereafter case No. 98-346). Defendant agreed to plead no contest to the charge of dissuading a witness and to admit the violation of probation in exchange for dismissal of the remaining charges, reinstatement on probation in the earlier case, and a grant of probation in the new case. However, the probation officer recommended against returning defendant to probation and instead recommended an aggregate prison term of three years eight months. The court agreed that it could not support a grant of probation and therefore set aside defendant's no contest plea and his admission to the probation violation. Thereafter, in April 1998, an information was filed charging defendant with assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), dissuading a witness (§ 136.1, subd. (c)(1)), battery against a spouse (§ 243, subd. (e)), two counts of child abuse (§ 273a, subd. (b)), and making terrorist threats (§ 422).

Between July 1998 and May 1999, the trial date in case No. 98-346 and the probation violation hearing in case No. 97-886 were continued a number of times. In May 1999, the court scheduled the trial in case No. 98-346 for August 3. According to the testimony of defendant's wife, on July 29, 1999, at a time when there was a protective order prohibiting defendant from contacting her, defendant went to her apartment, found her with another man and began screaming at her. Defendant left before the police arrived. The next day, July 30, defendant went to another apartment where his wife was helping her eldest daughter move. When defendant's wife refused to talk to him about the upcoming trial, defendant got angry and told her she was not going to make it to court. The eldest daughter also testified that defendant tried to get her to talk to him about what she was going to say at trial, but she refused.

Defendant failed to appear for trial in case No. 98-346, and the trial date was vacated. Subsequently, a new information was filed for the incidents occurring on July 29 and 30, charging defendant with stalking in violation of a court order (§ 646.9, subd. (b)), threatening a witness (§ 140), dissuading a witness (§ 136.1, subd. (c)(1)), and three counts of violating a court order (§ 273.6, subd. (a)) (hereafter case No. 99-4762).

In November 1999, the court granted the prosecution's motion to consolidate case No. 98-346 and case No. 99-4762 for trial, and the cases were tried together beginning December 8, 1999. At the outset, the court granted the prosecution's motion to allow evidence of prior incidents of domestic violence under Evidence Code section 1109, which permits evidence of a defendant's prior domestic violence in a prosecution for an offense involving domestic violence. Defendant's wife testified there had been other incidents of violence dating back to 1990, including the incident in January 1997 when defendant choked and kicked her and another incident in 1995 when he choked her.

On December 10, 1999, the jury returned its verdicts. With respect to the choking incident in January 1998, the jury found defendant not guilty of felony assault by means of force likely to produce great bodily injury, but guilty of misdemeanor battery against his spouse. The jury also found defendant guilty of dissuading a witness in that he threatened his wife following the incident. Additionally, the jury found defendant guilty of two misdemeanor counts of child abuse in that he caused mental suffering to his daughters by abusing their mother in front of them. The jury acquitted defendant of making terrorist threats.

With respect to the incidents in July 1999, the jury found defendant not guilty of stalking his wife and not guilty of dissuading his wife's eldest daughter from testifying. However, the jury found defendant guilty of threatening a witness—telling his wife that she was not going to make it to court. The jury also found defendant guilty of two counts of violating a court order by contacting his wife on the 29th and the 30th.

Based on the evidence presented at trial, the court found defendant had violated his probation in case No. 97-886. At sentencing, the court imposed an aggregate prison term of seven years for all three cases and three restitution fines of $200 each. The court also adopted the probation officer's calculation that defendant had a total of 389 presentence custody credits.

DISCUSSION

I, II*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*See footnote, *ante*, page 664.

## III

### *Consecutive Sentences Under Section 1170.15*

After denying defendant further probation, the trial court continued sentencing in all three cases so the probation officer could prepare a memorandum addressing whether section 1170.15 applied. As relevant, section 1170.15 provides: "Notwithstanding subdivision (a) of Section 1170.1 which provides for the imposition of a subordinate term for a consecutive offense of one-third of the middle term of imprisonment, if a person is convicted of a felony, and of an additional felony that is a violation of Section 136.1 or 137 and that was committed against the victim of, or a witness or potential witness with respect to, or a person who was about to give material information pertaining to, the first felony, . . . the subordinate term for each consecutive offense that is a felony described in this section shall consist of the full middle term of imprisonment for the felony for which a consecutive term of imprisonment is imposed . . . ."

The probation officer concluded section 1170.15 applied here, and the court agreed. Accordingly, the court sentenced the defendant to the middle term of three years in prison on each conviction, one for dissuading and one for threatening a witness. The court ordered the sentences to run consecutively, pursuant to section 1170.15. The court then sentenced defendant to serve an additional consecutive term of one year in prison, which represented one-third of the middle term for the spousal abuse conviction in case No. 97-886, for an aggregate term of seven years.[2]

■ Defendant contends the trial court erred in applying section 1170.15 to the sentencing in this matter, and the People concede the error. Defendant contends, and the People agree, that section 1170.15 applies only when a defendant is convicted of a felony (the "first felony") and also convicted of dissuading or attempting to dissuade the victim of, or a witness to, the first felony from reporting or giving testimony regarding the first felony. Under their construction of the statute, section 1170.15 does not apply unless the testimony or reporting with which the defendant tried to interfere related to the first felony.

We find support for that interpretation of section 1170.15 in *People v. Hennessey* (1995) 37 Cal.App.4th 1830 [44 Cal.Rptr.2d 792]. In *Hennessey*,

---

[2]On the misdemeanor convictions, the court ordered defendant to serve six months for battery of a spouse, six months for each of the child abuse convictions, and 90 days for one of the convictions for violating a court order, to be served consecutively to each other but concurrently to the seven-year prison term. The court stayed another 90-day term for the other conviction for violating a court order because that crime involved the same conduct as the conviction for threatening a witness.

this court addressed the issue of whether section 1170.15 creates an enhancement that must be pleaded and proven, or merely an alternative sentencing scheme to section 1170.1. In concluding section 1170.15 creates only an alternative sentencing scheme, we wrote: "Section 137 requires that the defendant dissuade a witness from giving information 'pertaining to a crime.' Under section 1170.15, the sentencing judge need only determine if that crime was a felony of which the defendant was convicted; the dissuasion sentence quite obviously cannot run fully consecutively to an underlying offense for which the defendant was not convicted." (*Hennessey, supra,* 37 Cal.App.4th at p. 1835.)

The foregoing passage from *Hennessey* supports the conclusion that, for section 1170.15 to apply, the dissuasion for which the defendant was convicted must relate to another felony, of which the defendant was also convicted. That is not the case here. Defendant's conviction for dissuading a witness was based on his statement to his wife in January 1998, after he choked her, that she "better not tell his probation officer . . ." of the incident. If defendant had been convicted of a felony for choking his wife, then section 1170.15 would have applied, because defendant's dissuasion conviction for attempting to prevent his wife from reporting the choking incident would have been related to another felony of which he was also convicted. The jury, however, acquitted defendant of the felony assault charge in the choking incident and convicted him of only misdemeanor battery. Thus, the dissuasion for which defendant was convicted did not relate to another felony, but to only a misdemeanor, and therefore section 1170.15 did not apply.

Although he asserted in his opening brief that the matter should be remanded for resentencing, in his reply brief defendant contends this court should "simply modify the judgment to impose a total sentence of five years based upon the three year mid term for the Penal Code section 136.1, subdivision (c) violation and one third the three year mid-term on each of the other two felonies" because the trial court already determined which was the most serious offense and already weighed the mitigating and aggravating factors relating to that offense. We decline defendant's belated invitation to modify the judgment. "[T]he wiser course is to remand for resentencing rather than have us hazard a guess in the first instance as to the likely sentence that would have been imposed had the trial court been advised of our interpretation." (*People v. Scott* (1993) 17 Cal.App.4th 1383, 1388 [22 Cal.Rptr.2d 46].)

## IV, V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The convictions are affirmed. The matter is remanded for resentencing. Following resentencing, the trial court shall amend the abstract of judgment and forward a certified copy to the Department of Corrections.

Sims, Acting P. J., and Davis, J., concurred.

---

*See footnote, *ante*, page 664.