Filed 1/3/22  P. v. Gorostiza CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ELIAS GOROSTIZA,<br><br>Defendant and Appellant. | F082069<br><br>(Fresno Super. Ct. No. F16904710)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Gary D. Hoff, Judge.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Ron Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Hill, P. J., Poochigian, J. and Meehan, J.

**INTRODUCTION**

Appellant and defendant Elias Gorostiza has filed an appeal after he was resentenced. The parties agree the trial court erroneously imposed consecutive upper terms for two counts, and the matter must be again remanded.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

Defendant was charged with multiple felony offenses after he physically assaulted his then-girlfriend, C.G., on two separate occasions in July 2016. C.G failed to appear at the preliminary hearing. Prior to trial, she testified at an evidentiary hearing that she did not want to testify at trial, she did not remember anything about the two incidents, and asserted that she would similarly testify that she could not remember anything if she appeared at trial. At defendant's jury trial, which was held in December 2016, C.G. briefly testified on direct examination that she could not remember anything about the two incidents. She then failed to appear the next day for continued examination and cross-examination; the court issued a no-bail body attachment.

Despite extensive efforts by the investigators for both the People and the defense, C.G. was not located and never returned to the trial. The court found she was unavailable as a witness within the meaning of Evidence Code section 240. Thereafter, the People moved to call the officers who interviewed C.G. to testify about her pretrial hearsay statements regarding the charged offenses. Defendant objected and argued C.G.'s pretrial statements were testimonial within the meaning of *Crawford v. Washington* (2004) 541 U.S. 36, and inadmissible under the Sixth Amendment since the defense never cross-examined her at trial. The trial court overruled the defense objections and admitted the hearsay statements pursuant to Evidence Code section 1370, statements about the

---

[1] The factual and procedural history is from this court's opinion in defendant's prior appeal, *People v. Gorostiza* (May 29, 2020 F075943) [nonpub. opn.], which is included in the clerk's transcript. We also take judicial notice of this court's records in that case. (See Evid. Code, §§ 450, 452, subd. (d), 459; *In re W.R.* (2018) 22 Cal.App.5th 284, 286–287, fn. 2.)

infliction of physical injuries, and Evidence Code section 1240, spontaneous declarations. The court agreed with the People that defendant had sufficient opportunity to confront and cross-examine C.G. at the pretrial evidentiary hearing and overruled defendant's *Crawford* objections.

**Convictions and sentences**

Defendant was convicted on December 16, 2016, after a jury trial. Based on the July 16, 2016, incident, defendant was charged and convicted of: count 1, corporal injury to a person with whom defendant previously had a dating relationship, C.G., with a prior domestic violence conviction (Pen. Code, § 273.5, subd. (f)(1));[2] count 4, dissuading a witness by force or threat (§ 136.1, subd. (c)(1)); and count 5, misdemeanor contempt of court for violating the existing criminal protective order (§ 166, subd. (c)(1)).

Defendant was charged in count 2 with assault with a firearm (§ 245, subd. (a)(2)). The jury found him not guilty but convicted him of the lesser included offense of misdemeanor simple assault (§ 240). Defendant was charged with count 3, criminal threats (§ 422) and found not guilty.

Based on the July 23, 2016, incident, defendant was charged and convicted of the following offenses: count 6, corporal injury to a person with whom defendant had a dating relationship, C.G., with a prior domestic violence conviction (§ 273.5, subd. (f)(1); count 7, assault with a deadly weapon, a belt, (§ 245, subd. (a)(1)); count 8, dissuading a witness by force or threat (§ 136.1, subd. (c)(1)); count 9, misdemeanor vandalism (§ 594, subd. (a)); and count 10, misdemeanor contempt of court, based on violating the existing criminal protective order (§ 166, subd. (c)(1)).

On December 14, 2016, outside the jury's presence, defendant admitted three prior prison term enhancements alleged in the information (§ 667.5, subd. (b)).

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

On June 30, 2017, the court denied probation and imposed an aggregate term of 15 years four months: the upper term of five years for count 1, willful infliction of corporal injury with a prior domestic violence conviction, plus three one-year terms for three prior prison term enhancements; a fully consecutive midterm of three years for count 4, dissuading a witness by force or threat; a consecutive term of one year four months (one-third the midterm) for count 6, willful infliction of corporal injury with a prior domestic violence conviction; a fully consecutive midterm of three years for count 8, dissuading a witness by force or threat; the term for count 7, assault with a deadly weapon, was stayed pursuant to section 654.

**Defendant's first appeal**

On appeal, defendant argued the trial court improperly permitted the officers to testify about C.G.'s pretrial hearsay statements in violation of *Crawford* and his Sixth Amendment right to confront and cross-examine witnesses, since C.G. never returned to trial for cross-examination. He also argued the prior domestic violence conviction allegations attached to the two violations of section 273.5, willful infliction of corporal injury, had to be reversed because they were the result of defense counsel's stipulation to the existence of the prior conviction, and he was never advised of or waived his constitutional rights.

Defendant further argued the trial court improperly imposed fully consecutive midterm sentences for the two counts of dissuading a witness, and the court lacked jurisdiction to impose a 10-year criminal protective order.

Finally, defendant argued his admissions to the three prior prison term enhancements alleged in the information had to be stricken because the court, again, failed to advise him of his constitutional rights, and also because of subsequent amendments to section 667.5, subdivision (b).

**This court's opinion**

We found the admission of the officers' testimony about C.G.'s pretrial statements did not violate defendant's Sixth Amendment rights.

We affirmed defendant's two convictions in counts 1 and 6, for the substantive offenses of willful infliction of corporal violence. However, we reversed the jury's true findings on the prior domestic violence conviction allegations attached to those counts, and the sentences imposed therein pursuant to section 273.5, subdivision (f)(1), because defendant did not knowingly and intelligently waive his constitutional rights before defense counsel stipulated to the prior conviction. We held that on remand, the defendant may be sentenced pursuant to the provisions of section 273.5, subdivision (a).

As for the consecutive midterms imposed for counts 4 and 8 for dissuading a witness, we noted that only one aggravating factor is required to support a consecutive sentence. (*People v. Davis* (1995) 10 Cal.4th 463, 552.) Section 1170.15 does not require the trial court to impose a consecutive sentence, but "if the trial court chooses consecutive sentencing it must impose a full-term sentence for the witness dissuasion count." (*People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1479.) We found the trial court independently found and listed multiple aggravating circumstances that outweighed any mitigating circumstance, and that while the court may have erroneously believed that fully consecutive midterms were mandated for counts 4 and 8, resentencing was not required given the court's stated intent to impose consecutive terms in this case and, based on the court's intent, it properly imposed fully consecutive midterms.

We also ordered defendant's admissions and the sentences imposed for the three prior prison term enhancements stricken. We remanded the matter for a new sentencing hearing and otherwise affirmed.

## PROCEEDINGS ON REMAND

On October 28, 2020, the court held the resentencing hearing on remand. The court asked the prosecutor whether she was going to refile and retry defendant on the

5.

truth of the prior domestic violence convictions alleged as to counts 1 and 6. The prosecutor said no, and agreed for the court to resentence defendant.

The court again found the aggravating circumstances outweighed any mitigating circumstances, and consecutive sentences were appropriate. The court imposed an aggregate term of 13 years: count 1, the upper term of four years; count 4, dissuading a witness, the consecutive upper term of four years; count 6, the consecutive term of one year; count 8, dissuading a witness, a consecutive upper term of four years; and stayed the term for count 7, assault with a deadly weapon, the upper term of four years, pursuant to section 654.

The court gave credit for time served for counts 2, 5, 9, and 10. The court reimposed the same fines and fees, and also reimposed defendant with the same criminal protective order.

On November 18, 2020, defendant filed a notice of appeal from the resentencing hearing.

## DISCUSSION

Defendant asserts that at the resentencing hearing, the trial court erroneously imposed fully consecutive upper terms for his convictions in counts 4 and 8, dissuading a witness in violation of section 136.1. Defendant argues section 1170.15 specifically limits a consecutive sentence for dissuading a witness to the midterm of three years, and the court abused its discretion when it imposed consecutive upper terms of four years. Defendant argues his sentence must again be vacated, and the matter remanded for the court to correctly resentence him. Respondent agrees.

Section 1170.1, subdivision (a) states that subordinate terms for each consecutive offense shall consist of one-third of the middle term of imprisonment. Section 1170.15 is an exception to that basic sentencing scheme and provides in relevant part. "Notwithstanding subdivision (a) of Section 1170.1[,] which provides for the imposition of a subordinate term for a consecutive offense of one-third of the middle term of

6.

imprisonment," if a person is convicted of a felony and also convicted of an additional felony involving a violation of section 136.1 committed against a victim or witness to the first felony (e.g., dissuading or bribing a witness), then the subordinate term for "each consecutive offense … described in this section *shall consist of the full middle term of imprisonment … for which a consecutive term of imprisonment is imposed …*." (§ 1170.15, italics added; see also *People v. Evans* (2001) 92 Cal.App.4th 664, 669; *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1835.)

Section 1170.15 thus requires the court to impose middle terms if it decides that consecutive sentences are appropriate for violations of section 136.1. (*People v. Woodworth*, *supra*, 245 Cal.App.4th at p. 1479.)

As the parties agree, section 1170.15 allowed the trial court to impose fully consecutive *midterms* – not upper terms – on the subordinate offenses in counts 4 and 8 for dissuading a witness in violation of section 136.1. Accordingly, the trial court improperly imposed fully consecutive upper terms and, since it determined that consecutive sentences were appropriate, it should have imposed fully consecutive midterms of three years for each of counts 4 and 8.

## DISPOSITION

The matter is remanded for resentencing. In all other respects, the judgment is affirmed.