Filed 10/7/22 P. v. Soria-Gonzalez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C095896 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF20182737) |
| v. | |
| LUIS ALEJANDRO SORIA-GONZALEZ, | |
| Defendant and Appellant. | |

After defendant Luis Alejandro Soria-Gonzalez pled no contest to three felonies, including dissuading a witness, the trial court placed him on probation. Three years later, the trial court terminated probation and sentenced defendant to state prison, including a principal term of 16 months and -- ostensibly in light of Penal Code[1] section 1170.15 -- the *full* middle term for the dissuasion offense. On appeal, defendant contends the trial court erred by imposing the full middle term for the dissuasion offense, rather than one-third the middle term. The People agree, as do we. Accordingly, we will remand the matter for resentencing.

---

[1] Further undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2018, and pursuant to a negotiated disposition, defendant pled no contest to three of nine offenses alleged in an information: resisting an executive officer by force, taking a vehicle with intent to deprive the owner of it, and dissuading a witness. The victim in the dissuading count (§ 136.1) was neither the officer whom defendant resisted, the owner of the vehicle that defendant took, nor a witness to either offense. In January 2019, the trial court suspended the imposition of the sentence and placed defendant on probation.

In March 2022, after several revocations and reinstatements of probation, the trial court terminated probation and sentenced defendant to 16 months on the resisting an officer count (*designating this as the principal term*); a consecutive term of eight months on the taking of a vehicle count (one-third the middle term), and a consecutive term of two years on the dissuading a witness count (the full middle term).

The imposition of a full middle term for the dissuading a witness count was consistent with the probation officer's recommendation that section 1170.15 contemplated such a result. Defense counsel argued the trial court had "wiggle room" in applying the statute.

Defendant timely appealed.

## DISCUSSION

Section 1170.15 provides, in relevant part: "[I]f a person is convicted of a felony, *and of an additional felony that is a violation of Section 136.1 [dissuading a witness] or 137* and that was committed against the victim of, or a witness or potential witness with respect to, or a person who was about to give material information *pertaining to, the first felony . . . the subordinate term for each consecutive offense* that is a felony described in this section *shall consist of the full middle term* of imprisonment for the felony for which a consecutive term of imprisonment is imposed." (Italics added.)

Typically, a trial court must impose one-third of the middle term for subordinate terms.  (§ 1170.1, subd. (a).)  Section 1170.15 is an exception to that rule and allows the trial court to sentence defendant to the full middle term for a subordinate count if the prosecution proves:  (1) defendant committed two or more felonies, (2) one of the felonies is dissuading a victim or witness under sections 136.1 or 137, and (3) the person defendant sought to dissuade was the victim of, or witness to, the first felony.

In *People v. Evans* (2001) 92 Cal.App.4th 664, we explained:  "[F]or section 1170.15 to apply, the dissuasion for which the defendant was convicted must relate to another felony, of which the defendant was also convicted."  (*Id.* at p. 670.)  Here, because we agree with the parties that defendant's dissuasion conviction does not relate to either of the other two felonies of conviction, we must vacate the sentence for the dissuading count.

We also agree with the parties the matter must be remanded for full resentencing.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Evans*, *supra*, 92 Cal.App.4th at p. 670 [" 'The wiser course is to remand for resentencing rather than have us hazard a guess in the first instance as to the likely sentence that would have been imposed had the trial court been advised of our interpretation' "].)

## DISPOSITION

The convictions are affirmed.  The matter is remanded for resentencing.  Following resentencing, the trial court shall amend the abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
Robie, Acting P. J.

We concur:

/s/
Renner, J.

/s/
Earl, J.

3