Filed 3/16/26  P. v. Sorrells CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B337480 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. XNOMA042980 |
| KEVIN DRATTON SORRELLS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert G. Chu, Judge.  Appeal dismissed and petition for writ of habeas corpus granted.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

Kevin Dratton Sorrells appeals after the trial court increased his sentence by several years to correct a purported error by the original sentencing court more than a decade earlier. We conclude the trial court lacked jurisdiction to modify the sentence and dismiss the appeal on that ground. However, to avoid a manifestly unjust result, we construe the appeal as a petition for writ of habeas corpus, grant the petition, and direct the trial court to vacate its order modifying the sentence and reimpose the original sentence.

## FACTS AND PROCEDURAL BACKGROUND

In 2008, the People charged Sorrells with a number of crimes related to a series of domestic violence incidents. The People presented evidence at trial showing Sorrells committed domestic violence against five successive female partners. The charges concerned only two of those victims. The jury convicted Sorrells of assault with a firearm, criminal threats, dissuading a witness, false imprisonment by violence, child abuse, assault by means likely to produce great bodily injury, and two counts of corporal injury to a spouse or cohabitant. (Pen. Code, §§ 245, subd. (a)(2), 422, 136.1, subd. (b)(3), 236, 273a, subd. (a), 245, subd. (a)(1), 273.5, subd. (a).)[1] The jury found true firearm allegations on some counts (§ 12022.5, subd. (a)), and Sorrells admitted a prior serious felony conviction that qualifies as a strike.

The trial court sentenced Sorrells to an aggregate term of 41 years in prison, which included upper terms on the base count and the firearm enhancements. On the dissuading a witness count, the court imposed eight months for the offense (one-third

___

[1]     References to statutes are to the Penal Code.

the middle term of two years), doubled for the prior strike, plus three years and four months for the firearm enhancement (one-third the upper term of 10 years). On the assault with a firearm count, the minute order states the court imposed a 10-year enhancement under "section 667.6(C)." The abstract of judgment states the enhancement was under section "667.5(C)." A different panel of this court affirmed the judgment in 2013. (See *People v. Sorrells* (Feb. 22, 2013, B226997) [nonpub opn.].)

In 2018, a California Department of Corrections and Rehabilitation (CDCR) case records analyst sent the trial court a letter alerting it to possible errors in the abstract of judgment and minute order. The letter noted the court imposed one-third the middle term on the dissuading a witness count, but section 1170.15 generally requires a full consecutive term when the defendant commits a dissuading offense and another felony offense against the same victim. The letter also noted the abstract of judgment stated the court imposed a 10-year enhancement under section 667.5, subdivision (c), but that section is not an enhancement. The letter asked the court to review its file to determine "if a correction is required." The court took no action in response to the letter.

In 2023, Sorrells filed a petition asking the court to resentence him under section 1172.1. Sorrells asserted the court had discretion to resentence him based on a different CDCR letter. Sorrells attached to his petition a letter from a CDCR correctional officer who had personally observed Sorrells for two years and believed he no longer poses a safety risk. Sorrells also attached to his petition "letters of commendation and recognition," which he asserted prove he is a "model inmate who has shown immense rehabilitation, growth, and remorse."

3

The People opposed Sorrells' request.  The People noted the 2018 CDCR letter did not recommend the court resentence Sorrells to a lower sentence.  Instead, it asked the court to modify the minute order to correct possible sentencing errors.  The People asserted that, although the court should not resentence Sorrells under section 1172.1, it should correct the sentence and impose a full consecutive term on the dissuading a witness count.

The trial court considered the issues at a hearing on March 8, 2024.  Sorrells did not personally appear, but he was represented by counsel.  After argument from the parties, the court declined to resentence Sorrells under section 1172.1.  The court determined section 1172.1 "does not apply in this case because neither the CDCR, the Board of Parole, or the District Attorney's office are recommending resentencing."  The court explained that, even if section 1172.1 did apply, it would not exercise its discretion under it.  The court stated it considered Sorrells' disciplinary and rehabilitation record, evidence reflecting any decrease in risk of future violence, and evidence reflecting changed circumstances.  The court found Sorrells continues to pose an unreasonable risk of danger to public safety, noting he committed numerous acts of domestic violence over a long period of time.

After declining to resentence Sorrells under section 1172.1, the court modified his sentence to correct the errors identified in the 2018 CDCR letter.  On the dissuading a witness count, the court imposed a consecutive middle term of two years, doubled for the prior strike, plus one-third the upper term of 10 years for the firearm enhancement.  On the assault with a firearm count, the court imposed a 10-year enhancement under section 12022.5, subdivision (a), rather than under section 667.5,

4

subdivision (c).  The minute order states "[a]ll other terms remain as previously imposed as to all counts."  After resentencing, Sorrells' aggregate sentence was 43 years and eight months.

Sorrells timely appealed.

## DISCUSSION

Sorrells contends the trial court erred in modifying his sentence without him being present, imposing upper terms based on aggravating factors not found true by a jury, and failing to conduct a full resentencing.  The Attorney General does not contest Sorrells' arguments on the merits.  Instead, he asserts we must dismiss the appeal because the trial court lacked jurisdiction to modify the sentence.  The Attorney General suggests that, to avoid an unfair result, we may treat the appeal as a petition for a writ of habeas corpus and direct the trial court to vacate the modified sentence.

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)  However, there are limited exceptions to this rule.  (See *People v. Singleton* (2025) 113 Cal.App.5th 783, 790–791 (*Singleton*).)  For example, "the court has inherent power to correct a clerical error at any time." (*Ibid.*)  A court also may resentence a defendant in connection with a petition for writ of habeas corpus or under specified conditions provided in section 1172.1.  (*Singleton*, at pp. 787, 790.)

Here, the trial court made two modifications to Sorrells' sentence long after execution of the sentence had commenced.  First, the court imposed a 10-year enhancement under section 12022.5, subdivision (a), rather than under section 667.6,

5

subdivision (c).[2] A record of the court's oral pronouncement of the original sentence could not be produced for this appeal, so it is not clear if the court misspoke while announcing the sentence, or if the mistake appeared for the first time in the minute order. In any event, it is apparent the court intended to impose the enhancement under section 12022.5, subdivision (a), as alleged in the information and found true by the jury. Therefore, the error was essentially clerical, which the trial court had inherent discretion to correct at any time.[3] (See *People v. Menius* (1994) 25 Cal.App.4th 1290, 1294 [court's inadvertent reference to the wrong statute at sentencing was a clerical error]; *Singleton, supra*, 113 Cal.App.5th at pp. 790–791.)

Second, the trial court modified Sorrells' sentence to impose a full consecutive middle term on the dissuading a witness count. The original sentencing court imposed a consecutive one-third the middle term on that count, as is generally required under section 1170.1, subdivision (a). However, the resentencing court determined section 1170.15 required it to impose a full consecutive term, presumably because the victim of the dissuading offense also was the victim of another felony conviction.[4]

---

[2] Section 667.6, subdivision (c) concerns sentencing for certain sex crimes and is not relevant to Sorrells' convictions.

[3] Sorrells does not directly argue he was entitled to a full resentencing based on this correction or that the court otherwise erred in correcting the error.

[4] Section 1170.15 provides, "if a person is convicted of a felony, and of an additional felony that is a violation of Section 136.1 . . . and that was committed against the victim of, or a witness or potential witness with respect to, or a person who was

6

The parties disagree about whether the trial court had jurisdiction to correct the purported section 1170.15 error. A court's failure to impose a full consecutive term under section 1170.15 is a judicial error, not a clerical error. (See *Singleton, supra*, 113 Cal.App.5th at p. 792 [a court makes a judicial error when it fails to impose the legally required sentence under section 1170.15].) Nevertheless, Sorrells contends the trial court had jurisdiction because the error was apparent on the face of the record and resulted in an unauthorized sentence. The Attorney General agrees the original sentence was unauthorized.[5] However, he contends trial courts do not have inherent jurisdiction to correct such errors.

Courts of Appeal are split on whether trial courts have inherent jurisdiction to correct an unauthorized sentence, i.e., a sentence that "could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994)

about to give material information pertaining to, the first felony, . . . the subordinate term for each consecutive offense that is a felony described in this section shall consist of the full middle term of imprisonment for the felony for which a consecutive term of imprisonment is imposed, and shall include the full term prescribed for any enhancements imposed for being armed with or using a dangerous or deadly weapon or a firearm, or for inflicting great bodily injury."

[5]   The Attorney General notes the modified sentence also fails to comply with section 1170.15. The court imposed a consecutive one-third the upper term for the firearm enhancement attached to the dissuading count. However, under section 1170.15, the court must impose "the full term prescribed for any enhancements imposed for being armed with or using a dangerous or deadly weapon or a firearm." (§ 1170.15.)

7

9 Cal.4th 331, 354.)  The majority of appellate courts have concluded they do not.  (See *People v. King* (2022) 77 Cal.App.5th 629, 633 (*King*); *People v. Boyd* (2024) 103 Cal.App.5th 56, 62–63 (*Boyd*), review den. Sept. 11, 2024; *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1122–1124; *Singleton, supra*, 113 Cal.App.5th at pp. 796–797; see also *People v. Garcia* (2025) 114 Cal.App.5th 139, 144–145, review den. Nov. 25, 2025; but see *People v. Codinha* (2023) 92 Cal.App.5th 976, 990 (*Codinha*); *People v. Cervantes* (2025) 115 Cal.App.5th 825.)

In *King*, for example, a trial court sentenced the defendant to the middle term of six years on a forcible rape conviction. (*King, supra*, 77 Cal.App.5th at p. 633.)  The defendant filed a petition for resentencing decades after the sentence was final. He argued his sentence was unauthorized because the trial court was required to impose seven years—rather than six—based on the jury's "in-concert" finding.  The trial court denied the petition and the defendant appealed.  (*Ibid*.)

The *King* court agreed with the defendant that his sentence was unauthorized.  (*King, supra*, 77 Cal.App.5th at p. 633.) Nevertheless, it concluded the trial court lacked jurisdiction to entertain the defendant's resentencing motion and dismissed the appeal on that ground.  (*Id*. at pp. 633, 642.)  The court rejected the defendant's argument that the trial court had inherent jurisdiction to correct an unauthorized sentence. It explained the unauthorized sentence rule is a "principle of waiver rather than jurisdiction . . . .  The doctrine does not itself create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence." (*Id*. at p. 637.)  The court continued, "A motion is not an independent remedy, but must be attached to some ongoing action.  [Citation.]  Thus,

a defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm." (*Id.* at p. 640.)  The court noted a defendant could challenge an unauthorized sentence by filing a petition for writ of habeas corpus, or the People could do so by seeking resentencing under a predecessor to section 1172.1.  (*King,* at pp. 640–641.)

The *King* court relied on *In re G.C.* (2020) 8 Cal.5th 1119 to reach its conclusion.  In *G.C.*, a minor raised a sentencing issue with a dispositional order for the first time in an appeal of an unrelated judgment.  (*Id.* at pp. 1123–1124.)  The Supreme Court rejected the minor's argument that the appellate court had jurisdiction to consider the issue because it resulted in an unauthorized sentence.  (*Id.* at pp. 1129–1130.)  The high court explained that, to invoke the unauthorized sentence rule, the court must have jurisdiction over the judgment, for example, by way of a habeas petition.  (*Id.* at p. 1130.)  The appellate court lacked jurisdiction because "there was no correlation between the [sentencing] error and the current judgment on appeal. The unauthorized sentence doctrine will not serve to remedy this defect." (*Ibid.*)

The court in *Codinha* disagreed with *King* and held a trial court has inherent jurisdiction to correct an unauthorized sentence if the error appears on the "face of the record." (*Codinha, supra,* 92 Cal.App.5th at p. 990.)  In *Codinha,* the trial court sentenced the defendant to a concurrent term on a conviction for unlawful possession of a controlled substance. (*Id.* at p. 982.)  After the judgment was final, the CDCR informed

the court that, because the defendant admitted committing the offense while released on bail, it was required to impose a consecutive term. (*Id.* at pp. 982–983.) In response to the letter, the trial court modified the sentence, increasing it by 16 months. (*Id.* at p. 983.) The defendant appealed. (*Ibid.*)

The *Codinha* court held the trial court properly exercised its inherent authority to correct an unauthorized sentence, but it reversed because the court failed to conduct a full resentencing. (*Codinha*, *supra*, 92 Cal.App.5th at pp. 980–981.) The court explained the trial court's jurisdiction arose out of its inherent power to vacate a judgment that is void on its face, noting the Supreme Court has described an unauthorized sentence as being a " 'void portion of the judgment.' " (*Id.* at p. 990, quoting *In re Sandel* (1966) 64 Cal.2d 412, 414.) The court concluded, because the sentencing error was "apparent from an examination of the judgment itself, i.e., the trial court's oral pronouncement of sentence," the trial court had inherent jurisdiction to correct it at any time. (*Codinha*, at p. 991.)

The *Codinha* court distinguished *G.C.,* explaining the "jurisdiction at issue in [that case] was that of the appellate court, not that of the juvenile court that made the challenged dispositional order. The Supreme Court did not consider whether a trial court in an adult criminal proceeding has jurisdiction to correct its own unauthorized sentence whenever the error comes to its attention. It did not disapprove, nor even mention, the body of case law . . . that acknowledges the existence of such jurisdiction." (*Codinha, supra*, 92 Cal.App.5th at p. 993.)

A year later, the court in *Boyd* noted the split of authority and elected to follow *King. (*See *Boyd, supra*, 103 Cal.App.5th at p. 67.) It explained the *Codinha* court failed to cite a single

case in which a court relied solely on the existence of an unauthorized sentence for jurisdiction. (*Boyd*, at pp. 67–68.) Moreover, "the availability of habeas corpus relief to correct unauthorized sentences suggests that trial courts do *not* have inherent jurisdiction to correct such sentences, as habeas corpus relief would be superfluous if a freestanding trial court motion could at any time achieve the same result without the procedural limitations that habeas corpus law imposes." (*Id*. at p. 68.)

The court in *Singleton* later applied *King* and *Boyd* to facts that are remarkably similar to this case. In *Singleton*, a jury convicted the defendant of dissuading a witness and two other felonies. (*Singleton, supra*, 113 Cal.App.5th at p. 788.) The court imposed a consecutive one-third the middle term sentence on the dissuading count, and the CDCR alerted the trial court that the sentence might be unauthorized under section 1170.15. (*Singleton*, at pp. 788–789.) The trial court modified the sentence to impose the full middle term on the dissuading count, and the defendant appealed. (*Id*. at pp. 789–790.)

The *Singleton* court concluded the trial court lacked jurisdiction to modify the sentence and dismissed the appeal. (*Singleton, supra*, 113 Cal.App.5th at p. 800.) The court explained it agreed with *Codinha* that trial courts have inherent authority to modify void judgments at any time. (*Singleton*, at p. 795.) However, it disagreed that an unauthorized sentence is void for purposes of that rule. The court suggested a judgment is void—and may be corrected at any time—only if the underlying court lacked fundamental jurisdiction. (*Id*. at p. 797.) When a court imposes an unauthorized sentence, it has fundamental jurisdiction but acts in excess of it. (*Ibid*.) To correct that sort

11

of error, the trial court must have independent grounds for jurisdiction.[6]

We need not weigh in on the dispute because, even under the *Codinha* rule, the trial court lacked jurisdiction to modify Sorrells' sentence. Under the *Codinha* rule, a trial court has jurisdiction to correct an unauthorized sentence only if the error is "apparent from the face of the record." (*Codinha, supra*, 92 Cal.App.5th at p. 990.) The *Codinha* court did not clearly explain what constitutes the "record" for such purposes. However, the *Boyd* court concluded—based on an examination of the cases upon which the *Codinha* court relied—that the "record" refers to the "judgment roll." (*Boyd, supra*, 103 Cal.App.5th at p. 68; see *Johnson v. Hayes Cal Builders, Inc*. (1963) 60 Cal.2d 572, 576 [the "validity of the judgment on its face may be determined only by a consideration of the matters constituting part of the judgment roll"].) The *Boyd* court noted it is not clear what documents currently constitute the judgment roll in a criminal case. (*Boyd*, at p. 68.) However, former section 1207 stated the judgment roll consists of " '(1) the indictment or information, and a copy of the minutes of the plea or demurrer; (2) a copy of the minutes of the trial; (3) the charges given or refused, and the

---

[6] The *Codinha* court recognized the general rule that judgments are void only if the court lacks fundamental jurisdiction. (See *Codinha, supra*, 92 Cal.App.5th at pp. 991–992.) However, it noted some courts have held " '[t]he granting of relief, which a court under no circumstances has any authority to grant, has been considered an aspect of fundamental jurisdiction for the purposes of declaring a judgment or order void.' " (*Id*. at p. 991.) The *Codinha* court read the California Supreme Court decisions to hold unauthorized sentences fall within that category of error. (*Id*. at p. 992.)

12

indorsements thereon; and (4) a copy of the judgment.' " (*People v. January* (1888) 77 Cal. 179, 180, quoting former § 1207.) The judgment roll in a civil case generally consists of the "pleadings, all orders striking out any pleading in whole or in part, a copy of the verdict of the jury, the statement of decision of the court, . . . and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment." (Code Civ. Proc., § 670, subd. (b).)

Here, the trial court's purported violation of section 1170.15 is not apparent on the face of the documents that have historically been part of the judgment roll. Sorrells contends the error is sufficiently apparent because the information and the judgment show the jury convicted him of dissuading a witness and other felonies against the same victim on the same date. Those facts alone, however, did not require the court to apply section 1170.15. "[S]ection 1170.15 applies only when a defendant is convicted of a felony (the 'first felony') and also convicted of dissuading or attempting to dissuade the victim of, or a witness to, the first felony from reporting or giving testimony regarding the first felony." (*People v. Evans* (2001) 92 Cal.App.4th 664, 669.) In other words, "section 1170.15 does not apply unless the testimony or reporting with which the defendant tried to interfere related to the first felony." (*Ibid*.) Here, it is not apparent from the information and judgment that the dissuading offense was related to the other felony offenses. Resolution of that issue requires an examination of the evidence and arguments presented at trial.[7] Sorrells does not contend

---

[7] The judge who modified Sorrells' sentence did not try the case, and the record does not show whether he reviewed the trial transcript before modifying the sentence.

the trial evidence and arguments are part of the judgment roll, nor are we aware of any authority suggesting they are. (See *People v. Roth* (2017) 17 Cal.App.5th 694, 705, fn. 2 [suggesting a court looks beyond the judgment roll when it examines evidence presented at trial to determine if a sentence is unauthorized under section 654].) Because the error is not apparent on the face of the judgment roll, even under the *Codinha* rule, the trial court did not have inherent jurisdiction to modify the sentence. (See *Boyd*, *supra*, 103 Cal.App.5th at pp. 68–69 [determining *Codinha* rule did not apply where the only evidence for the sentencing error came from the probation report, which is not part of the judgment roll].) Therefore, we lack jurisdiction over the appeal and must dismiss it. (See *King, supra*, 77 Cal.App.5th at pp. 633–634, 642.)

To the extent Sorrells suggests the trial court had jurisdiction under section 1172.1, we disagree. Section 1172.1 provides an exception to the general rule that trial courts lack jurisdiction to resentence a defendant once execution of the sentence has commenced. (See *Singleton, supra*, 113 Cal.App.5th at pp. 790–791.) Here, however, the record is clear that the court elected not to assume jurisdiction under that statute. The court expressly stated section 1172.1 does not apply and, even if it did, it would not exercise its discretion under it.[8] Accordingly, the

---

[8]     After Sorrells filed his request for resentencing, but before the hearing on it, the Legislature amended section 1172.1 to grant trial courts discretion to recall and resentence a defendant "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) The record suggests the trial court was not aware of this amendment.

court could not rely on section 1172.1 for jurisdiction to modify Sorrells' sentence.

Although we must dismiss the appeal for lack of jurisdiction, we agree with the parties that it would be manifestly unjust to allow the modified sentence to remain in place. The *Singleton* court dealt with a similar issue by construing the defendant's appeal as a petition for writ of habeas corpus, granting the petition, and directing the trial court to vacate the modified sentence and reinstate the original sentence. (*Singleton, supra*, 113 Cal.App.5th at p. 800.) The *Boyd* court took a different approach, exercising its inherent power to vacate the modified sentence. (See *Boyd, supra*, 103 Cal.App.5th at p. 63.)

To err on the side of caution, we will construe the appeal as a petition for writ of habeas corpus, grant the petition, and direct the trial court to vacate the modified sentence on the dissuading a witness count and reinstate the original sentence on that count. Our disposition is without prejudice to any party seeking relief in the trial court to address the section 1170.15 issue by way of a habeas petition, a request for resentencing under section 1172.1,[9]

---

We do not consider that issue, however, because Sorrells did not raise it in his opening brief on appeal.

[9] We do not mean to suggest Sorrells has the right to request relief under section 1172.1. The statute plainly states a "defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c); see *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.)

or some other authority granting the trial court jurisdiction to modify the sentence.

## DISPOSITION

We dismiss Kevin Dratton Sorrells' appeal. We deem the appeal a petition for writ of habeas corpus, which we grant. We direct the trial court to vacate the order modifying Sorrells' sentence on the conviction for dissuading a witness and reinstate the original sentence imposed on that count. The trial court shall prepare an amended abstract of judgment and forward a certified copy of it to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

ADAMS, J.

16